**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Sally Ann WELSCH, Defendant-Appellee.**

**No. 86SA471.**

Supreme Court of Colorado,
En Banc.

Aug. 4, 1987.

Robert R. Gallagher, Jr., Dist. Atty., Bruce H. Rabun, Deputy Dist. Atty., Littleton, for plaintiff-appellant.

Glen R. Anstine, Denver, for defendant-appellee.

Raymond T. Slaughter, Englewood, for amicus curiae Colorado Dist. Attys. Council.

Flanders, Wood, Sonnesyn & Steinkamp, James R. Christoph, Longmont, for amicus curiae The American Civil Liberties Union Foundation of Colorado.

PER CURIAM.

In this interlocutory appeal, the People challenge an order suppressing evidence of statements made by medical personnel to a police detective on the grounds that such evidence was obtained in violation of the Fourth and Fourteenth Amendments to the United States Constitution and article II, section 7 of the Colorado Constitution. Because the record is not adequate to permit a proper appellate review of the propriety

of the suppression ruling, we vacate the order of suppression and remand the case to the district court for further proceedings.

The defendant, Sally Ann Welsch, is charged in the district court of Arapahoe County with three felony counts of obtaining a schedule IV controlled substance, Darvocet (dextropropoxyphene), on January 30, February 11, and March 24, 1986, by the concealment of a material fact.[1] The charges arose out of the defendant's alleged failure to disclose to several physicians from whom she sought treatment the fact that she had received prescriptions for the same drug from other physicians whom she had previously consulted. After entering a not guilty plea to the charges, the defendant filed a motion to suppress evidence of statements obtained by a police detective from the defendant's treating physicians and other medical personnel.

The People and the defendant agreed to the following stipulation in connection with the defendant's motion to suppress:

1. Ms. Welsch contacted the Aurora Police Department and talked to Detective Joan Beck about her concerns that she may be the subject of a criminal investigation;

2. In the course of the investigation of Ms. Welsch's activities, Detective Beck or other law enforcement agents of the People of the State of Colorado, contacted Doctor Renu Jalota, Doctor Darrell Warren, Doctor John McLaughlin and all other physicians listed on the state['s] witness list[;]

3. Those physicians disclosed to Detective Beck that they were treating or had treated Ms. Welsch for various ailments or complaints and that they had prescribed Darvocet, Midrin and Vistaril for her on various occasions;

4. The disclosures were made to Detective Beck by the above physicians after consulting their recollections, their office personnel and the records kept by them or their office personnel concerning Ms. Welsch;

5. The disclosures of information by the physicians to Detective Beck or other law enforcement agents of the State of Colorado were made without the consent of Sally Ann Welsch; and

6. The disclosures of information were made by the physicians or their personnel without authorization of any judicial officer.

In entering the order of suppression, the district court orally ruled as follows:

A public policy of this state is that the doctors had a privileged circumstance and breached that privilege. There was procedure upon a proper allegation of fraud and deceit that a warrant could have been obtained to inquire into the physicians' records without Ms. Welsch's permission. I think if the appropriate affidavit was presented to this Court, I would feel obliged to find [there] was probable cause, and I probably would have signed it. That step was not taken, and I believe in viewing the totality of the circumstances that Ms. Welsch's rights, under the doctor/patient privilege, were illegally interfered with. I feel that her Fourth Amendment right to a legal search and seizure was interfered with illegally by Detective Beck, and that ... Ms. Welsch's constitutional rights had been denied. Therefore, [the] Motion to Suppress is granted. There shall be no use of the information obtained by Officer Beck from any of the physicians that she went to directly, and the physicians shall be prohibited from testifying because that would now be the fruit of the poisonous tree. Such shall be the Order of this Court.

Defense counsel then asked for a ruling on the propriety of the search under the Colorado Constitution, and the court ruled that Detective Beck's acquisition of the evidence

---

1. Section 12–22–315(1)(a), 5 C.R.S. (1985), states:

No person shall obtain a controlled substance or procure the administration of a controlled substance by fraud, deceit, misrepresentation, or subterfuge; or by the forgery or alteration of a prescription or of any written order; or by the concealment of a material fact; or by the use of a false name or the giving of a false address.

**526**

also violated article II, section 7 of the Colorado Constitution.

The sparse record in this case does not permit us to determine whether Detective Beck actually engaged in a "search," as that term is used in the Fourth Amendment to the United States Constitution and article II, section 7 of the Colorado Constitution. Specifically, the record is not adequate for us to identify the particular police conduct that might have constituted a "search"; the record does not indicate the extent to which the physician-patient privilege in section 13–90–107, 6 C.R.S. (1973 & 1986 Supp.), and the exception to the privilege in section 12–22–315(1)(b), 5 C.R.S. (1985), bear upon the legitimacy of the defendant's privacy expectation in the evidence acquired by Detective Beck; and the record does not establish the basis for the trial court's conclusion that the detective's interviews with the doctors resulted in the acquisition of suppressible derivative evidence. It is therefore necessary to vacate the order of suppression and to remand the case to the trial court for further proceedings.

On remand, the district court may permit the parties to present additional evidence on the issues underlying the defendant's claim of an unconstitutional search and seizure of evidence and on any other issues raised by the defendant's motion to suppress. At the conclusion of the suppression hearing, the court should enter findings of fact and conclusions of law that will permit meaningful appellate review of the court's ruling.

The order of suppression is accordingly vacated and the cause is remanded to the district court for further proceedings consistent with the views herein expressed.