2015 COA 9

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Joann DINAPOLI, Defendant–Appellant.**

Court of Appeals No. 12CA1971

Colorado Court of Appeals,
Div. III.

Announced February 12, 2015

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2014.

·Cynthia H. Coffman, Attorney General, Katherine A. Aidala, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE DAILEY

¶ 1 Defendant, Joann Dinapoli, appeals the judgment of conviction entered after a jury found her guilty of second degree assault. We affirm.

### I. Background

¶ 2 K.M. testified as follows. Her dog and defendant's dog "got into a tussle." After the dogs separated, defendant screamed at K.M. In response, K.M. mocked defendant's accent. Defendant then hit K.M. with a "giant tree branch." Defendant hit her a second time, dislocating her arm.

¶ 3 A defense witness testified that after the dogs fought, K.M. began swinging a leash that had a metal clip on it. Defendant argued that she hit K.M. once to protect herself and her dog from K.M.

¶ 4 The jury found defendant not guilty of harassment and two counts of second degree assault. As noted above, it found her guilty of one count of second degree assault.

¶ 5 On appeal, defendant contends that she is entitled to a new trial because (1) the trial court should have told the jury that it would declare a mistrial if the jury could not reach a unanimous verdict; and (2) the prosecutor committed misconduct by referring to K.M. as the "victim" during trial. We address and reject each contention in turn.

### II. Mistrial Advisement

¶ 6 The jury sent the court the following note during deliberations: "We have agreement on three charges. What happens if we can't agree on the fourth charge?" In response, over defendant's objection, the court gave the jury a modified-*Allen* instruction:

Since it appears to the Court that your deliberations have been somewhat lengthy, without a verdict being reached, the Court wishes to suggest a few thoughts which you should consider. In your deliberations, along with the evidence in the case and all of the instructions previously given, it is your duty as jurors to consult with one another and to deliberate with a view towards reaching a verdict, if you can do so without violence to individual judgment. Each of you must decide the case for yourself but do so only after an impartial consideration of the evidence with your fellow jurors.

In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. You are not partisans. You are judges. Judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

With that, I am going to ask you to resume your deliberations.

¶ 7 After the jurors left the courtroom, the court said, "I couldn't help notice the reaction of juror number six. She was extraordinarily unhappy with that requirement that they continue deliberations. But that can happen sometimes."

¶ 8 The court did not tell the jurors that it would excuse them and declare a mistrial if they could not reach a unanimous verdict on every count. On appeal, defendant contends that this omission requires reversal. We disagree.

¶ 9 We review a trial court's decision regarding supplemental instructions for an abuse of discretion. *Gibbons v. People*, 2014 CO 67, ¶ 12, 328 P.3d 95. And if the defendant did not preserve her appellate argument related to a supplemental instruction, we review that argument for plain error. *Id.*

¶ 10 Here, defendant did not preserve the argument she raises on appeal: although she objected to the court's giving a modified-*Allen* instruction, she neither (1) requested a mistrial advisement nor (2) objected to giving a modified-*Allen* instruction without a mistrial advisement. *See People v. Cordova*, 293 P.3d 114, 120 (Colo.App.2011) ("To preserve an issue for appeal, a defendant must alert the trial court to the particular issue."); *People v. Pahl*, 169 P.3d 169, 183 (Colo.App.2006) (An issue is preserved where objection sufficiently alerts "the trial court to a particular issue in order to give the court an opportunity to correct any error.").

¶ 11 That said, we perceive no error, much less plain error, here. In *Gibbons,* the supreme court held that trial courts are not required to supplement a modified-*Allen* instruction with a mistrial advisement. *Gibbons,* ¶ 33. Under *Gibbons,* although a trial court has discretion to give the jury a mistrial advisement, it "should consider exercising its discretion in rare circumstances, for example when a jury has actually indicated a mistaken belief in indefinite deliberations." *Id.*

¶ 12 *Gibbons* resolves defendant's contention: here, as in *Gibbons,* the trial court, "could not have erred" by failing to tell the jury that a mistrial was possible. *See id.* at ¶ 36.

¶ 13 To the extent defendant argues that the court's modified-*Allen* instruction was coercive, we disagree. The court's instruction tracked the pattern modified-*Allen* instruction, which the supreme court has determined is not coercive. *See Fain v. People,* 2014 CO 69, ¶ 2, 329 P.3d 270; *see also* COLJI–Crim. E:18 (2014).

¶ 14 Although, as defendant argues, the court should have inquired whether there was "a likelihood of progress towards a unanimous verdict upon further deliberations" before it gave the modified-*Allen* instruction, *see People v. Schwartz,* 678 P.2d 1000, 1012 (Colo.1984), a mistrial advisement was not necessary to remedy the court's omission. *See Fain,* ¶¶ 21, 23.

### III. References to the "Victim"

¶ 15 During trial, the prosecutor and a prosecution witness referred to K.M. as "victim" and "the victim" several times. Defendant contends that the references require reversal because they constituted prosecutorial misconduct and subverted the presumption of innocence. We conclude that reversal is not warranted.

### A. Factual Background

¶ 16 Defendant moved pretrial to preclude the parties from referring to K.M. as the "victim." The court ruled as follows at the motions hearing, which occurred more than eight months before trial:

[T]he motion is not granted, per se, but I am going to ask the parties to refer to the parties by their name or as the complaining party or something to that nature, but not the victim. If the prosecutor or either of you feel a need or you think a witness feels the need to refer to the complaining party as a victim, then approach the bench and we will talk about it during the course of the trial if need be.

¶ 17 The defense attorney and prosecutor who appeared at trial were different from those who had appeared at the motions hearing. During trial, the prosecutor referred to K.M. as "victim" or "the victim" on numerous occasions, and a police officer referred to K.M. as "the victim" several times during his testimony. Defendant did not object contemporaneously to any of the references.

### B. Preservation and Standard of Review

¶ 18 Although defendant obtained a pretrial ruling that precluded the parties from referring to K.M. as the "victim," she never sought to enforce that ruling at trial with a contemporaneous objection. The parties agree that defendant preserved her appellate argument by seeking and obtaining the pretrial ruling.

¶ 19 We disagree with the parties. We conclude that when a party violates the court's pretrial order at trial, the opposing party must contemporaneously object to preserve the issue for appeal. In reaching this conclusion, we decline to follow the division's decision in *Salazar v. Am. Sterilizer Co.,* 5 P.3d 357, 369 (Colo.App.2000). *See People v. Smoots,* 2013 COA 152, ¶ 20, —— P.3d —— (one division of the court of appeals is not obligated to follow the precedent established by another division) (*cert. granted in part on other grounds* June 30, 2014).

¶ 20 A pretrial motion may preserve an evidentiary objection for appellate review if the moving party fairly presents the issue to the court and the court issues a definitive ruling. *See* CRE 103(a) ("Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of

error for appeal."); *Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322, 1330–31 (Colo.1986); *accord United States v. Mejia–Alarcon*, 995 F.2d 982, 986 (10th Cir.1993).

¶ 21 The principle that a definitive pretrial ruling preserves an evidentiary issue for appeal is intuitive when the parties follow the court's pretrial order. *Mejia–Alarcon*, 995 F.2d at 986 ("When counsel diligently advances the contentions supporting a motion in limine and fully apprises the trial judge of the issue in an evidentiary hearing, application of the rule requiring parties to reraise objections at trial makes little sense.") (brackets, ellipses, and internal quotation marks omitted). In this scenario, requiring a party to renew an objection after the court has definitively ruled would be an unnecessary formality. *Id.*

■ ¶ 22 But when a party violates the court's pretrial order, common sense militates in favor of requiring a contemporaneous objection. *See United States v. Fonseca*, 744 F.3d 674, 683 (10th Cir.2014). In this situation, an objection does not merely revive an argument that the court has already rejected. *See id.* Instead, an objection serves to alert the trial court to both the violation of the pretrial order and to the objecting party's argument against the other party's action. *See id.*; *Martinez v. People*, 244 P.3d 135, 139 (Colo.2010). Indeed, not requiring a contemporaneous objection would create an undesirable incentive: the party who received a favorable pretrial ruling could sit silently while the ruling was violated at trial and then, if the party received an adverse verdict, move for a new trial based on the error. *See U.S. Aviation Underwriters, Inc. v. Olympia Wings, Inc.*, 896 F.2d 949, 956 (5th Cir.1990).

¶ 23 We perceive no reason why the same preservation rules should not also apply to issues of prosecutorial comment or argument that have been raised and ruled on before trial. Colorado appellate opinions consistently have required a contemporaneous objection to preserve prosecutorial misconduct claims. *See, e.g., Domingo–Gomez v. People*, 125 P.3d 1043, 1053 (Colo.2005). And requiring a party to object to an opponent's argument that violates a pretrial order serves the same purposes as requiring an objection to preserve an argument against admitting evidence.

¶ 24 Consequently, we conclude that when an opponent acts contrary to a pretrial order, a party must contemporaneously object to preserve an appellate argument that the court should have prohibited the action. *Cf.* 21 Kenneth W. Graham, Jr., *Federal Practice & Procedure: Federal Rules of Evidence* § 5037.16, at 805 (2d ed. 2005) ("[A]n objection must be made when another party violates the motion in limine.").

¶ 25 The division's opinion in *Salazar*, 5 P.3d at 369, does not persuade us otherwise. In *Salazar*, the defendant challenged the plaintiff's reference during closing argument to the defendant's financial resources. *Id.* The defendant did not object to the statement at trial, but the court had granted its motion in limine to preclude such references. *Id.* Citing *Bennett v. Greeley Gas Co.*, 969 P.2d 754 (Colo.App.1998), the *Salazar* division concluded that the defendant had preserved the issue. 5 P.3d at 369. But in *Bennett*, unlike *Salazar* and this case, the trial court's pretrial order admitted—not excluded—evidence. *See Bennett*, 969 P.2d at 758. *Salazar* neither acknowledges this distinction nor articulates a reason to extend *Bennett*'s principle to cases in which a party violates the court's pretrial order.

¶ 26 The present case illustrates why the rule we have articulated is necessary. First, the court issued its oral ruling more than eight months before trial. In our view, it is unrealistic to require the trial court alone to remember and enforce rulings that it may have made several months earlier. Second, neither the prosecutor nor the defense attorney who appeared at trial was the same attorney who litigated the pretrial motion. While we do not suggest that attorneys in this situation need not become familiar with the court's pretrial rulings, this circumstance makes it more likely that a party may violate a pretrial order inadvertently. A contemporaneous objection would highlight the issue for the court and the parties, thereby mitigating potential problems created by the passage of time and personnel changes.

¶ 27 Applying this rule, we conclude that the court's pretrial order prohibiting the parties from referring to K.M. as "the victim" did not preserve defendant's appellate argument. Because defendant did not object at trial when the prosecutor or the officer used that term, she failed to preserve her argument that doing so was improper. *See Fonseca,* 744 F.3d at 684.

¶ 28 We review unpreserved claims of trial error for plain error. *People v. Miller,* 113 P.3d 743, 748–50 (Colo.2005). Under this standard, we will reverse if an error was "obvious and substantial." *Hagos v. People,* 2012 CO 63, ¶ 14, 288 P.3d 116. An error is obvious if it is so clear-cut that a trial judge should have been able to avoid it without benefit of objection. *People v. Pollard,* 2013 COA 31, ¶ 39, 307 P.3d 1124. An error is "substantial" if it so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the defendant's conviction. *Hagos,* ¶ 14; *see also People v. Ujaama,* 2012 COA 36, ¶ 43, 302 P.3d 296.

### C. Analysis

¶ 29 For two reasons, we conclude that the court did not plainly err by allowing the prosecution's or witness's references.

¶ 30 First, any error in doing so was not obvious. Generally, an error is obvious when the action challenged on appeal contravenes (1) a clear statutory command; (2) a well-settled legal principle; or (3) Colorado case law. *People v. Wilson,* 2014 COA 114, ¶ 76, 356 P.3d 956. No published Colorado case discusses the propriety of referring to a complaining witness as the "victim" at trial. Nor does any statute or well-settled legal principle do so. Indeed, courts from other jurisdictions express varied views on this topic. *Compare Jackson v. State,* 600 A.2d 21, 24 (Del.1991) ("[T]he word 'victim' should not be used in a case where the commission of a crime is in dispute."), and *State v. Devey,* 138 P.3d 90, 95 (Utah Ct.App.2006) (same), with *United States v. Gibson,* 690 F.2d 697, 703 (9th Cir.1982) (prosecutor's references to investors as "victims" was a fair comment on the evidence), *State v. Rodriguez,* 107 Conn. App. 685, 946 A.2d 294, 307–08 (2008) (prose-

cutor properly used the term during closing argument, and the term did not express the prosecutor's personal opinion), and *State v. Chism,* No. 54894-6-I, 2005 WL 3529123, at *4 (Wash.Ct.App. Dec. 27, 2005) (unpublished opinion) ("The trial court did not abuse its discretion when it denied [the defendant's] motion to prohibit the State and witnesses from referring to [a witness] as the victim.").

¶ 31 In light of the lack of Colorado authority and the split of authority elsewhere on this issue, we cannot conclude that any error in allowing the complaining witness to be referenced as the victim was "obvious."

¶ 32 Further, the references did not cause defendant sufficient prejudice to constitute plain error. Defendant argues that the references prejudiced her because the term "victim" assumed that she had committed a crime against K.M., and that conveying this assumption to the jury subverted the presumption of innocence. The court instructed the jury about the presumption of innocence and burden of proof, however, during jury selection and in its written instructions, which it read before closing arguments. We presume the jury followed those instructions. *See People v. McKeel,* 246 P.3d 638, 641 (Colo.2010). And in light of those instructions, we conclude that the references did not cast serious doubt on the judgment of conviction's reliability. *Cf. State v. Robinson,* 81 Conn.App. 26, 838 A.2d 243, 247 (2004) (asserting that an instruction on the presumption of innocence negated "any prejudicial effect" that the court created by using the term "victim").

¶ 33 Although defendant has cited several opinions from other jurisdictions that caution against referring to the complaining witness as the "victim," she has not cited an opinion that concluded such references amounted to plain error. And we have found no such opinion.

¶ 34 In the end, the evidence and arguments focused on eyewitness testimony. Four women, including K.M., testified that they witnessed at least part of the fight or its aftermath. The parties' closing arguments in turn centered on which of those witnesses were credible and which were not.

¶ 35 For these reasons, we are convinced that the references to K.M. as the "victim" did not constitute plain error.

*IV. Conclusion*

¶ 36 The judgment is affirmed.

JUDGE HAWTHORNE and JUDGE DUNN concur.