22CA1069 Peo v Rael 10-10-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA1069
Pueblo County District Court No. 21CR1361
Honorable Allison P. Ernst, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Thomas Gene Rael,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE LIPINSKY
J. Jones and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 10, 2024

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, M. Shelby Deeney, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Thomas Gene Rael appeals his conviction for possession of a weapon by a previous offender (POWPO) under section 18-12-108(1), C.R.S. 2021.  He presents a single contention in this appeal: that, under the plain error standard of review, we must vacate his conviction in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which the United States Supreme Court decided following Rael's trial and sentencing.  Rael argues that, under *Bruen*, section 18-12-108(1), C.R.S. 2021, is facially unconstitutional and unconstitutional as applied to him.

¶ 2    We affirm.

## I.    Background

¶ 3    Rael and his brother gave a ride to an acquaintance.  Rael's brother pulled into a gas station to add air to a tire.  While the group was at the gas station, the acquaintance walked away, leaving a gun in the brother's car.  Rael and his brother began to argue.  Rael left his brother and took the gun with him.

¶ 4    Officer Scott Aubuchon was dispatched after police received a report of a man with a weapon at the gas station.  Officer Aubuchon pulled up in his vehicle and saw Rael, who matched the dispatcher's description of the man with the gun.

1

¶ 5     Rael ran in the opposite direction.  When Officer Aubuchon reached Rael, he noticed a gun on the ground near Rael and arrested him.  Because Rael had a previous felony conviction, the prosecution charged him with one count of POWPO under section 18-12-108(1), C.R.S. 2021.

¶ 6     At trial, defense counsel did not dispute that Rael had a prior felony conviction.  Rather, the defense argued that Rael did not possess the gun for purposes of section 18-12-108(1), C.R.S. 2021, because he was attempting to return it to the acquaintance.  The prosecutor responded that Rael knowingly possessed the gun in violation of section 18-12-108(1), C.R.S. 2021, regardless of whether he intended to return it to the acquaintance.

¶ 7     Rael was convicted as charged.  The court sentenced him to two years in community corrections.

## II.    Analysis

¶ 8     Rael contends that we must vacate his conviction because, under *Bruen*, section 18-12-108(1), C.R.S. 2021, violates the Second Amendment to the United States Constitution, both on its face and as applied to him.

## A.    Preservation and Standard of Review

¶ 9     The parties do not dispute that Rael did not preserve his constitutional arguments.  Thus, we review for plain error.  *See Hagos v. People*, 2012 CO 63, ¶ 14, 288 P.3d 116, 120 (explaining that we review all nonstructural errors, including constitutional errors, not preserved by objection for plain error); Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").  "Crim. P. 52(b) permits review if (1) there is an error, (2) that is plain, and (3) that affects the defendant's substantial rights." *People v. Crabtree*, 2024 CO 40M, ¶ 41, 550 P.3d 656, 667.  (Rael does not contend that the alleged error was structural.)

¶ 10    An alleged error cannot be plain if it was not obvious.  *See People v. Vigil*, 251 P.3d 442, 447 (Colo. App. 2010).  A plain error is an error that is "so clear cut and so obvious that a trial judge should have been able to avoid it without benefit of objection." *People v. Conyac*, 2014 COA 8M, ¶ 54, 361 P.3d 1005, 1020.  "Consequently, to be deemed plain, an error must contravene a clear statutory command, a well-settled legal principle, or established Colorado case law."  *Crabtree*, ¶ 42, 550 P.3d at 667.

"Conversely, when Colorado statutory law or case law would not have alerted the trial judge to an unobjected-to error, the error cannot be deemed plain." *Id.*

¶ 11     Earlier this year, in *Crabtree*, the supreme court decided an unsettled issue of Colorado law — whether, following the United States Supreme Court's adoption of the time-of-appeal rule in *Henderson v. United States*, 568 U.S. 266, 279 (2013), Colorado courts should review unpreserved errors for obviousness by looking to the state of the law at the time of appellate consideration. *Crabtree*, ¶ 4, 550 P.3d at 660.  The supreme court rejected the time-of-appeal rule and held that, under Colorado law, an error is plain only if it was obvious *at the time of trial.  Id.* at ¶¶ 18, 56-57, 550 P.3d at 663, 669.

¶ 12     In rejecting the time-of-appeal rule, the supreme court explained that "we have historically employed a different plain error standard than the one the Supreme Court uses." *Id.* at ¶ 49, 550 P.3d at 668.  "Because [Colorado's] time-of-trial rule was not originally erroneous and continues to be sound, there is no basis to stray from principles of stare decisis and switch to a time-of-appeal rule." *Id.* at ¶ 6, 550 P.3d at 661.

4

¶ 13    In its analysis, the court noted the material differences between Crim. P. 52(b) and its federal analogue:

> In contrast to Colorado's Crim. P. 52(b) standard, the Supreme Court's Fed. R. Crim. P. 52(b) standard *authorizes* (but does not require) appellate courts to grant a defendant relief if (1) there is an error; (2) that is plain (i.e., that is clear or obvious); (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Id.* at ¶ 49, 550 P.3d at 668.  The court explained that "unlike the federal system, Colorado has a postconviction vehicle to address a 'significant change in the law' during the pendency of a direct appeal," *id.* at ¶ 6, 550 P.3d at 661 (quoting Crim. P. 35(c)(1)), and that "the Supreme Court allayed concerns about the prospect of opening the "'plain error' floodgates" by relying on, among other things, the screening criterion that's part of the federal plain error standard but absent from Colorado's plain error standard," *id.* (quoting *Henderson,* 568 U.S. at 276).

¶ 14    Thus, the supreme court concluded in *Crabtree* that "relief under Crim. P. 52(b) is only available if the error is plain at the time it is made."  *Id.* at ¶ 72, 550 P.3d at 671.

5

### B. Rael Fails to Establish Plain Error Because, Even if the Court Erred, Any Error Was Not Obvious at the Time of His Trial and Sentencing

¶ 15    The substantive law germane to Rael's arguments changed between his trial and this appeal; the United States Supreme Court decided *Bruen* during that period. *Bruen* was indeed a landmark Second Amendment case. The petitioners in *Bruen* challenged the constitutionality of a New York statute requiring applicants for an unrestricted license to "have and carry" a concealed "pistol or revolver" to "prove that 'proper cause exists' to issue it." 597 U.S. at 11-13 (quoting N.Y. Penal Law § 400.00(2)(f) (McKinney 2022)). The Supreme Court held that the "proper cause" requirement violated the Second Amendment right to bear arms because the Constitution protects an individual's right to carry a handgun in public for self-defense, and states cannot impose subjective standards to restrict this right. *Id.* at 70-71. *Bruen* further established that firearm regulations cannot withstand constitutional muster unless they are "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17.

¶ 16    We do not reach the merits of Rael's argument that section 18-12-108(1), C.R.S. 2021, is unconstitutional in light of *Bruen.*

Nor do we decide whether Rael's argument is undercut by the Supreme Court's recent rejection of a facial challenge to the constitutionality of a federal statute prohibiting firearm possession by individuals subject to domestic violence restraining orders that include a finding that the individual "represents a credible threat to the physical safety" of an intimate partner, or a child of the partner or individual. *United States v. Rahimi*, 602 U.S. \_\_\_, \_\_\_, 144 S. Ct. 1889, 1894, 1901-02 (2024) (quoting 18 U.S.C. § 922(g)(8)(C)(i)).

¶ 17    Rael urges us to look to the current state of Second Amendment jurisprudence and to decide that the trial court plainly erred by not striking down section 18-12-108(1), C.R.S. 2021, under the reasoning of *Bruen*. Put simply, when he filed his appeal, Rael bet that the supreme court would adopt the time-of-appeal rule (or at least not reaffirm the time-of-trial rule). But he lost his bet when the court rejected the time-of-appeal rule in *Crabtree*.

¶ 18    Following *Crabtree*, we must look to the state of the law at the time of Rael's trial and sentencing to determine whether any error was obvious and, thus, plain. (Rael does not argue that *Crabtree* only applies prospectively. Because *Crabtree* reaffirmed the pre-*Henderson* Colorado case law applying the time-of-trial rule, it has

7

retroactive effect.  *Cf. People v. Melendez*, 2024 COA 21M, ¶ 1, 549 P.3d 1028, 1030 ("Decisions announcing a new constitutional rule of criminal procedure generally do not apply retroactively.").)

¶ 19     Rael acknowledges that the alleged error underlying his appeal was not obvious at the time of trial because the Supreme Court did not announce *Bruen* until after he had been convicted and sentenced.  No pre-*Bruen* federal or Colorado legal authority would have alerted the trial judge that it needed to sua sponte declare section 18-12-108(1), C.R.S. 2021, unconstitutional.  The pre-*Bruen* case law was to the contrary.  *See, e.g.*, *People v. Marques*, 498 P.2d 929, 929 (Colo. 1972) (summarily rejecting the defendant's argument that the crime of carrying a concealed weapon after a previous criminal conviction deprived him of his Second Amendment right to bear arms).

¶ 20     For these reasons, we hold that the alleged error underlying Rael's appellate arguments was not obvious under the time-of-trial rule.  Thus, even if the court erred by not declaring section 18-12-108(1), C.R.S. 2021, unconstitutional, such error was not plain.  *See People v. Dinapoli*, 2015 COA 9, ¶ 31, 369 P.3d 680, 685.

Therefore, under the plain error standard of review, we reject Rael's constitutional attacks on section 18-12-108(1), C.R.S. 2021.

### C. We Need Not Examine Any Arguments that Rael Raised for the First Time in His Supplemental Brief

¶ 21　The division requested supplemental briefing on three issues. The first issue focused on whether Rael's plain error argument remained viable after *Crabtree*. We specifically asked the parties to address

> [h]ow . . . the district court plainly err[ed], given the Colorado[] Supreme Court's decision in *People v. Crabtree*, 2024 CO 40M, that an "error is plain at the time it is made"; Mr. Rael's concession that "the error here was not obvious *at the time of trial*," Reply Brief at 5; and the fact that the United States Supreme Court had not decided *New York State Rifle & Pistol Ass'n, v. Bruen*, 597 U.S. 1 (2022), at the time that Mr. Rael was convicted and sentenced?

¶ 22　We requested supplemental briefing on the second and third issues only if Rael or the People believed that "Mr. Rael's plain error argument remains viable following *Crabtree*." Those issues concerned whether "the United States Supreme Court's decision in [*Rahimi*] impact[ed] Mr. Rael's appellate arguments and, if so, how" and whether the division should "request additional briefing —

including briefing from amicus curiae — on the application of *Bruen* and *Rahimi* to section 18-12-108(1), C.R.S. 2023."

¶ 23   In his supplemental brief, Rael argued that, regardless of the standard for plain error review, we should reverse his conviction because he was convicted under an unconstitutional statute.  He alternatively argued that we should disregard *Crabtree* and apply the time-of-appeal rule.  Finally, Rael asked us to grant a limited remand to allow him to seek relief in the district court under Crim. P. 35(c)(1).

¶ 24   We need not consider arguments that Rael raised for the first time in his supplemental brief and on which we did not request supplemental briefing, just as we do not consider issues first raised in a reply brief.  *See United States v. Bonilla-Mungia*, 422 F.3d 316, 319 (5th Cir. 2005).  In any event, the three arguments raised in Rael's supplemental brief fail on the merits.

¶ 25   First, even though Rael conceded in his opening and reply briefs that the plain error standard applies to his appeal, in his supplemental brief, he changed course and argued that, even though he did not preserve the issue, we should reverse his conviction because it rested on an unconstitutional statute.

¶ 26    But Rael cannot circumvent the plain error standard of review, even if section 18-12-108(1), C.R.S. 2021, does not survive *Bruen*. An unpreserved constitutional challenge to a statute is subject to plain error review. *See Crabtree*, ¶ 27, 550 P.3d at 664; *Johnson v. People*, 2023 CO 7, ¶ 28, 524 P.3d 36, 42. For the reasons explained above, Rael's unpreserved arguments fail because the United States Supreme Court decided *Bruen* after his conviction and sentencing, and, therefore, any error was not obvious and thus was not plain.

¶ 27    Second, Rael asks us to disregard *Crabtree* and adopt the federal time-of-appeal approach. However, we are bound by Colorado Supreme Court precedent. *Melendez*, ¶ 19, 549 P.3d at 1033. We have no discretion to ignore *Crabtree*.

¶ 28    Third, Rael requests that we grant a limited remand to allow him to seek relief from the district court under Crim. P. 35(c)(1).

¶ 29    Crim. P. 35(c) proceedings are distinct from direct criminal appeals. *See Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007) (discussing Crim. P. 35(c) postconviction proceedings generally). Following the conclusion of this appeal, Rael can file a Crim. P. 35(c)(1) motion challenging his conviction in the district court. *See*

11

*People v. Wood*, 2019 CO 7, ¶ 11 n.5, 433 P.3d 585, 589 n.5. (Under Crim. P. 35(c)(1), a convicted defendant may seek postconviction review "upon the ground that there has been a significant change in the law, applied to the applicant's conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard.") We express no opinion regarding Rael's entitlement to relief under Crim. P. 35(c)(1).

¶ 30 In any event, a remand is unnecessary because the record is adequate to permit a proper appellate review of Rael's unpreserved constitutional challenge to section 18-12-108(1), C.R.S. 2021. *See People v. Welsch*, 740 P.2d 524, 524-25 (Colo. 1987).

## III. Disposition

¶ 31 The judgment is affirmed.

JUDGE J. JONES and JUDGE SULLIVAN concur.