288 P.3d 116
2012 CO 63
Abraham HAGOS, Petitioner
v.The PEOPLE of the State of Colorado, Respondent.
No. 10SC424.
Supreme Court of Colorado, En Banc.
Nov. 5, 2012.
OPINION TEXT STARTS HERE
Reppucci Law Firm, P.C., Jonathan D. Reppucci, Denver, Colorado, Attorneys for Petitioner.
John W. Suthers, Attorney General, Elizabeth Rohrbough, Senior Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.
Justice RICE delivered the Opinion of the Court. ¶ 1 In this postconviction proceeding, we address whether a determination on direct appeal that instructional error did not constitute plain error necessarily requires a determination in postconviction proceedings that trial counsel's failure to object to the erroneous instruction did not prejudice the defense. We conclude that a determination that instructional error did not constitute plain error does not control a determination of prejudice under Strickland v. Washington, 466 U.S. 668, 684–86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because the two standards are not the same. The plain error standard requires that an error impair the reliability of the judgment of conviction to a greater degree than the Strickland prejudice standard. Hagos's ineffective assistance of counsel claim, nonetheless, fails under the separate, fact-specific Strickland analysis. Thus, we affirm the court of appeals' judgment, albeit on different grounds.
I. Facts and Procedural History ¶ 2 Abraham Hagos and another man distributed drugs from an apartment. A buyer broke into the apartment and took a safe containing cash and drugs. In retaliation, Hagos and others kidnapped and assaulted the buyer's brother. ¶ 3 A grand jury indicted Hagos for first degree kidnapping, first degree burglary, aggravated robbery, assault in the second degree, and conspiracy to commit each of these crimes. At trial, the trial court instructed the jury, “[t]he elements of the crime of First Degree Kidnapping are: (1) That the Defendant, ... (3) forcibly, or otherwise, seized and carried any person from one place to another.” (Emphasis added). Hagos did not object to this instruction. The jury returned guilty verdicts for first degree kidnapping; first degree burglary; felony menacing; and conspiracy to commit second degree kidnapping, first degree burglary, and felony menacing. ¶ 4 Hagos appealed and the court of appeals affirmed. Among other claims, Hagos asserted that the trial court committed plain error by including the words “or otherwise” in its instruction on first degree kidnapping. The court of appeals concluded that the instruction was erroneous, but the error did not constitute plain error because it did not so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the conviction. The court of appeals reached this conclusion because it determined that the record contained overwhelming and undisputed evidence that the kidnapping occurred by force. ¶ 5 Hagos then filed a Crim. P. 35(c) postconviction motion in the trial court. He asserted, among other contentions, that his trial counsel had provided ineffective assistance by failing to object to the erroneous instruction. The trial court denied the motion. It determined that Hagos could not establish the prejudice component of the ineffective assistance claim because the court of appeals had held on direct appeal that the erroneous instruction did not warrant reversal under plain error analysis. ¶ 6 Hagos appealed the order denying his postconviction motion and the court of appeals affirmed. The court of appeals followed People v. Villarreal, 231 P.3d 29, 34 (Colo.App.2009), which determined that the prejudice component of a plain error analysis is essentially identical to the prejudice component of an ineffective assistance of counsel analysis under Strickland. The court of appeals therefore held that Hagos's claim failed as a matter of law because it was defeated by the determination on direct appeal under plain error analysis that no prejudice occurred. ¶ 7 We granted certiorari to decide whether a determination on direct appeal that instructional error did not constitute plain error necessarily requires a determination in postconviction proceedings that trial counsel's failure to object to the erroneous instruction did not prejudice the defense.1
II. Error Standards in Criminal Appeals ¶ 8 Before addressing the difference between plain error and ineffective assistance of counsel, we describe, as useful context, the various error doctrines that dictate reversal of a conviction in criminal appeals. ¶ 9 Appellate courts in Colorado employ one of five different standards to determine whether an error in criminal proceedings necessitates reversal of the judgment of conviction.2 These five standards differ by the degree to which they require that the error impair the reliability of the judgment of conviction. We now describe these five types of review: • Structural error; • Constitutional harmless error; • Harmless error; • Claims where the effect on the conviction is constitutionally material to the claim itself; and • Plain error. ¶ 10 First, certain errors are structural errors, which require automatic reversal without individualized analysis of how the error impairs the reliability of the judgment of conviction. Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); Blecha v. People, 962 P.2d 931, 942 (Colo.1998). Examples of these errors include: complete deprivation of counsel, trial before a biased judge, unlawful exclusion of members of the defendant's race from a grand jury, denial of the right to self-representation, and denial of the right to a public trial. Neder, 527 U.S. at 8, 119 S.Ct. 1827 (collecting cases). ¶ 11 Second, we review trial errors of constitutional dimension that were preserved by objection for constitutional harmless error. Krutsinger v. People, 219 P.3d 1054, 1058 (Colo.2009). These errors require reversal unless the reviewing court is “able to declare a belief that [the error] was harmless beyond a reasonable doubt.” Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In other words, we reverse if “there is a reasonable possibility that the [error] might have contributed to the conviction.” Id. (emphasis added); Krutsinger, 219 P.3d at 1058. For this kind of error, the State bears the burden of proving the error was harmless beyond a reasonable doubt. See Chapman, 386 U.S. at 24, 87 S.Ct. 824 (“Certainly error, constitutional error, in illegally admitting highly prejudicial evidence or comments, casts on someone other than the person prejudiced by it a burden to show that it was harmless. It is for that reason that the original common-law harmless-error rule put the burden on the beneficiary of the error either to prove that there was no injury or to suffer a reversal of his erroneously obtained judgment.”); id. at 26, 87 S.Ct. 824 (“Under these circumstances, it is completely impossible for us to say that the State has demonstrated, beyond a reasonable doubt, that the prosecutor's comments and the trial judge's instruction did not contribute to petitioners' convictions.”); see also Kimmelman v. Morrison, 477 U.S. 365, 382 n. 7, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (noting that the constitutional harmless error standard of Chapman requires the State to prove that the defendant was not prejudiced by the error). ¶ 12 Third, we review nonconstitutional trial errors that were preserved by objection for harmless error. Crim. P. 52(a); Tevlin v. People, 715 P.2d 338, 341–42 (Colo.1986). Under this standard, reversal is required only if the error affects the substantial rights of the parties. Crim. P. 52(a); Tevlin, 715 P.2d at 342. That is, we reverse if the error “substantially influenced the verdict or affected the fairness of the trial proceedings.” Tevlin, 715 P.2d at 342. Reversal is more difficult to obtain under this standard than under the constitutional harmless error standard because this standard requires that the error impair the reliability of the judgment of conviction to a greater degree than the constitutional harmless error standard requires. See Krutsinger, 219 P.3d at 1058 (stating that nonconstitutional harmless error more readily produces a finding of harmlessness than constitutional harmless error). ¶ 13 Fourth, for certain types of claims, including ineffective assistance of counsel, the effect of the error upon the proceedings is constitutionally material to the claim itself. Delaware v. Van Arsdall, 475 U.S. 673, 679–80, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (citing Strickland, 466 U.S. at 671–701, 104 S.Ct. 2052). That is, these claims “by their nature require a showing of prejudice with respect to the trial as a whole.” Id. A defendant can therefore succeed on a claim for ineffective assistance of counsel only by showing that “there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.” Ardolino v. People, 69 P.3d 73, 76 (Colo.2003) (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). Satisfaction of this standard is more difficult than reversal under the harmless error standard because this standard requires that the error impair the reliability of the judgment of conviction to a greater degree than the harmless error standard requires. 3Krutsinger, 219 P.3d at 1060 (citing Kyles v. Whitley, 514 U.S. 419, 436, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)). ¶ 14 Finally, we review all other errors, constitutional and nonconstitutional, that were not preserved by objection for plain error. People v. Miller, 113 P.3d 743, 748–50 (Colo.2005). Plain error is obvious and substantial. Id. at 750. We reverse under plain error review only if the error “so undermined the fundamental fairness of the trial itself so as to cast serious doubt on the reliability of the judgment of conviction.” Id. (quoting People v. Sepulveda, 65 P.3d 1002, 1006 (Colo.2003)). Because this standard was formulated to permit an appellate court to correct “particularly egregious errors,” Wilson v. People, 743 P.2d 415, 420 (Colo.1987), the error must impair the reliability of the judgment of conviction to a greater degree than under harmless error to warrant reversal. ¶ 15 Having placed the plain error and ineffective assistance of counsel standards in context, we address whether plain error requires a showing that the error impair the reliability of the conviction to a greater degree than the Strickland prejudice standard.
III. Plain Error and Strickland Prejudice ¶ 16 If plain error requires that an error impair the reliability of the judgment of conviction to a greater degree than Strickland prejudice, then a determination that the error did not constitute plain error does not control the determination of whether a defendant can establish Strickland prejudice. We conclude that plain error requires a greater degree of harm in order for reversal to be warranted. ¶ 17 A criminal defendant is constitutionally entitled to effective assistance from his counsel. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To succeed on a claim of ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Ardolino, 69 P.3d at 76. To satisfy the prejudice component of the Strickland test, the defendant must show that “there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.” Id. (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). A reasonable probability means a “probability sufficient to undermine confidence in the outcome.” Id. (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). The word “probability” does not require a defendant to show that the deficient performance more likely than not altered the outcome of the case. Strickland, 466 U.S. at 693, 104 S.Ct. 2052. ¶ 18 Plain error addresses error that is both “obvious and substantial.” Miller, 113 P.3d at 750. We have recognized plain error as those errors that “so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.” Wilson, 743 P.2d at 420 (citing United States v. Young, 470 U.S. 1, 16, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)); see also Miller, 113 P.3d at 750. The plain error standard is “calculated to temper the contemporaneous-objection requirement in the interests of permitting an appellate court to correct particularly egregious errors.” Wilson, 743 P.2d at 420. These errors must therefore “seriously affect the fairness, integrity or public reputation of judicial proceedings.” Young, 470 U.S. at 15, 105 S.Ct. 1038 (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)); see also Domingo–Gomez v. People, 125 P.3d 1043, 1053 (Colo.2005) (“A reviewing appellate court must inquire into whether the errors seriously affected the fairness or integrity of the trial.”). ¶ 19 Plain error casts serious doubt on the judgment of conviction. Deficient performance of counsel, on the other hand, undermines confidence in the judgment of conviction. The words “undermine confidence” reveal that the error in a claim of ineffective assistance of counsel must impair the reliability of the judgment of conviction to a lesser degree than a plain error in order to warrant reversal of the conviction. These two standards are therefore not the same. ¶ 20 The two claims serve different purposes and each requires an independent, fact-specific analysis. The direct appeal addresses whether the prejudice resulted from the trial court's acts or omissions, while the ineffective assistance claim examines whether prejudice resulted from counsel's acts or omissions. Moreover, a direct appeal and an ineffective assistance of counsel claim ask the court to assess substantially different errors in the context of different due process rights. The direct appeal analysis examines whether an error deprived the defendant of his constitutional right to trial, while an ineffective assistance analysis looks at whether an error deprived the defendant of his constitutional right to effective assistance of counsel. Because the two claims serve different purposes and each requires an independent, fact-specific analysis, the respective analyses should remain separate. ¶ 21 A prior determination, therefore, that an error was not so prejudicial as to cast serious doubt upon the reliability of the judgment of conviction, and therefore was not plain error, does not control a later determination of whether the error undermined confidence in the judgment of conviction under Strickland. ¶ 22 The People assert that certain formulations in our cases of the plain error standard reveal that the degree of prejudice required under plain error review is equal to or below that of Strickland prejudice. We recognize that we have recently used the words “reasonable possibility” in connection with plain error review of instructional error. Kaufman v. People, 202 P.3d 542, 549 (Colo.2009); People v. Weinreich, 119 P.3d 1073, 1078 (Colo.2005). This phrase entered our discussion of plain error forty years ago from the United States Supreme Court's formulation of constitutional harmless error review. See People v. Barker, 180 Colo. 28, 32–33, 501 P.2d 1041, 1043 (1972) (citing Schneble v. Florida, 405 U.S. 427, 432, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972)); see also Schneble, 405 U.S. at 432, 92 S.Ct. 1056 (citing Chapman, 386 U.S. at 24, 87 S.Ct. 824). At that time, we had employed various formulations of the plain error rule, including one using the words “reasonable possibility.” Wilson, 743 P.2d at 419 (collecting cases). In addition, our cases were contradictory on whether we reviewed unpreserved constitutional error for plain error or for constitutional harmless error. See Miller, 113 P.3d at 748. But since then, we have made clear that we review unpreserved constitutional errors for plain error, id. at 749, and that plain error is error that so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. Wilson, 743 P.2d at 420. The phrase “reasonable possibility” in our plain error cases restates this plain error standard, that the error so undermine the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. See Lehnert v. People, 244 P.3d 1180, 1185 (Colo.2010); Kaufman, 202 P.3d at 549;Weinreich, 119 P.3d at 1078. Our use of the phrase does not mean that plain error review requires a showing that the reliability of the judgment of conviction is impaired to the same degree as harmless error. Compare Miller, 113 P.3d at 749 (reversal required if the error casts serious doubt upon the reliability of the judgment of conviction), with Chapman, 386 U.S. at 24, 87 S.Ct. 824 (reversal required unless the reviewing court can declare a belief that the error was harmless beyond a reasonable doubt). We reaffirm the Wilson formulation of the plain error standard—that is, those errors that “so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.” 743 P.2d at 420 (citing Young, 470 U.S. at 16, 105 S.Ct. 1038);Miller, 113 P.3d at 750. ¶ 23 Our conclusion is consistent with the purposes underlying each standard. Plain error review reflects a “careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.” United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Plain error review allows the opportunity to reverse convictions in cases presenting particularly egregious errors, but reversals must be rare to maintain adequate motivation among trial participants to seek a fair and accurate trial the first time. ¶ 24 Ineffective assistance of counsel claims, however, do not require the same balancing of interests. Moreover, effective assistance of counsel “plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ‘ample opportunity to meet the case of the prosecution’ to which they are entitled.” Strickland, 466 U.S. at 685, 104 S.Ct. 2052 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942)). Ineffective assistance of counsel thus involves greater protection for defendants than plain error review. These underlying policies therefore support the conclusion that ineffective assistance of counsel claims allow for reversal upon a showing that an error impaired the reliability of the judgment of conviction to a lesser degree than plain error review would require.
IV. Application ¶ 25 Turning to the facts of this case as established by the record, Hagos's claim for ineffective assistance of counsel is deficient. First, Hagos alleged ineffective assistance of counsel on constitutional grounds because counsel did not attack the search of Hagos's apartment. The court of appeals properly rejected this argument because the exact same search of Hagos's apartment was found to be constitutionally permissible in a companion case. Thus, the doctrine of issue preclusion applied and counsel's failure to attack the exact same search on the identified grounds is not ineffective as a matter of law. ¶ 26 Second, Hagos failed to establish any prejudice resulting from the erroneous jury instruction. It was never disputed that the victim was in fact “forcibly” seized and carried: the victim was beaten, handcuffed, and taken to a car at gunpoint. Hagos argued at trial that he lacked the mens rea required for a guilty verdict because he was merely present to ensure that the victim was not seriously injured. The jury rejected Hagos's theory. Therefore, the language “or otherwise” included in the kidnapping instruction had no effect on the judgment of conviction, and Hagos's Crim. P. 35(c) claim inevitably fails. ¶ 27 Thus, the jury instruction, though erroneous, had no effect on the judgment of conviction. Consequently, Hagos's claim for ineffective assistance of counsel fails through a separate, fact-specific analysis pursuant to Strickland.
V. Conclusion ¶ 28 We conclude that a determination that instructional error did not constitute plain error does not control a determination of prejudice under Strickland, because the plain error and Strickland standards are not the same. The plain error standard requires that an error impair the reliability of the judgment of conviction to a greater degree than the Strickland prejudice standard. Hagos's ineffective assistance of counsel claim, nonetheless, fails under the separate, fact-specific Strickland analysis. Thus, we affirm the court of appeals' judgment on different grounds.
Justice EID concurs in the judgment.
Justice COATS does not participate.
Justice EID, concurring in the judgment. ¶ 29 Just last year, this court stated that, in order to maintain a claim of plain error, a defendant must demonstrate “a reasonable possibility that the [error] contributed to the defendant's conviction.” Tumentsereg v. People, 247 P.3d 1015, 1019 (Colo.2011) (emphasis added). This standard has been a mainstay of our plain error jurisprudence for at least four decades, having been cited in literally hundreds of Colorado cases. Yet the majority today jettisons this standard as a forty-year wrong turn, all in an effort to show that plain error prejudice is actually a higher standard than that recognized for ineffective assistance of counsel claims, which require a showing that there is a “ reasonable probability ” the outcome would have been different. Ardolino v. People, 69 P.3d 73, 76 (Colo.2003) (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (emphasis added)). Not only does the majority call into question forty years of Colorado precedent, in the process it artificially inflates the difficulty of demonstrating prejudice for plain error, and artificially diminishes the degree of prejudice necessary to demonstrate ineffective assistance of counsel. Because, in my view, there is no appreciable difference between the two prejudice standards, the court of appeals was correct in its determination that defendant's ineffective assistance claim fails for the same reason his plain error claim failed on direct review—that is, because he has failed to show that the error contributed to his conviction. Accordingly, I concur only in the majority's judgment. ¶ 30 Both a plain error claim on direct review and a claim for ineffective assistance of counsel on post-conviction review require a defendant to demonstrate that the error in question contributed in some way to his conviction. In the ineffective assistance context, we have said that a defendant must show that “there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.” Id. at 76 (2003) (emphasis added) (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). In order to show plain error, by contrast, we have held—as recently as last year—that the defendant must show that there is a “reasonable possibility” that the error contributed to defendant's conviction. Tumentsereg, 247 P.3d at 1019. A reasonable “probability” is a higher standard—thus requiring a greater showing of prejudice—than a reasonable “possibility.” See, e.g., Krutsinger v. People, 219 P.3d 1054, 1063 (Colo.2009) (referring to the “hierarchical distinction” between the two verbal formulations). In practice, however, there may be no appreciable difference between the two standards for prejudice. See, e.g., id. (noting that this court has occasionally used the terms interchangeably); see also United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052, to define plain error prejudice under federal rules). Under either scenario, if a defendant is unable to demonstrate plain error prejudice on direct review, he will be unable to demonstrate the prejudice required to establish ineffective assistance of counsel on post-conviction review. Applying this reasoning here, because the defendant was unable to establish on direct review that there was a reasonable possibility that the instructional error contributed to his conviction, he likewise is unable to demonstrate on post-conviction review that there was a reasonable probability that his counsel's failure to correct the instructional error contributed to his conviction. ¶ 31 The majority rejects this reasoning by finding that the “reasonable possibility” standard of plain error review is actually a higher standard than the “reasonable probability” formulation of an ineffective assistance of counsel claim brought on post-conviction review. Maj. op. at ¶ 19. The majority justifies its conclusion on the ground that the “reasonable possibility” formulation of plain error prejudice is simply a forty-year mistake, id. at ¶ 22, albeit one that has been repeated numerous times by this court, and as recently as last year, see, e.g., Tumentsereg, 247 P.3d at 1019;Lehnert v. People, 244 P.3d 1180, 1185 (Colo.2010); Kaufman v. People, 202 P.3d 542, 549 (Colo.2009); People v. Miller, 113 P.3d 743, 750 (Colo.2005); People v. Weinreich, 119 P.3d 1073, 1078 (Colo.2005); People v. Stewart, 55 P.3d 107, 120 (Colo.2002); People v. Garcia, 28 P.3d 340, 344 (Colo.2001).1 The majority suggests that, although we have applied the “reasonable possibility” standard in numerous cases, we should now look only to the alternative way in which we have described plain error—that is, as an error that “so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.” Maj. op. at ¶ 22; see, e.g., Lehnert, 244 P.3d at 1185;Kaufman, 202 P.3d at 549;Miller, 113 P.3d at 750;Weinreich, 119 P.3d at 1078;but seeTumentsereg, 247 P.3d at 1019 (using only the “reasonable possibility” formulation). According to the majority, the “cast serious doubt” language suggests a higher degree of prejudice than the “sufficient to undermine confidence in the outcome” language we have used in the ineffective assistance context, see Ardolino, 69 P.3d at 76 (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052) (“[A] reasonable probability means a probability sufficient to undermine confidence in the outcome.”), and therefore a defendant who fails to show the error “cast serious doubt” on his conviction on direct review may still be able to show that it “undermine[d] confidence” in the conviction on post-conviction review. Maj. op. at ¶ 19. ¶ 32 But the majority's attempt to refocus attention to the “cast serious doubt” language of our plain error case law is unavailing. We borrowed that language from U.S. Supreme Court jurisprudence considering the plain error standard of Fed.R.Crim.P. 52(b), the federal analog of our plain error rule. See Wilson v. People, 743 P.2d 415, 420 (Colo.1987) (citing United States v. Young, 470 U.S. 1, 16, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). In a recent case considering the amount of prejudice required to satisfy a claim under the federal plain error rule, the Supreme Court adopted the “undermine confidence” formulation from Strickland, stating that to show prejudice for federal plain error, a defendant must “satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is ‘sufficient to undermine confidence in the outcome’ of the proceeding.” Dominguez Benitez, 542 U.S. at 83, 124 S.Ct. 2333 (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). In other words, the Supreme Court apparently sees no appreciable difference between an error that casts “serious doubt” on the conviction and one that “undermine[s] confidence” in the conviction. In my view, nor should we. ¶ 33 Importantly, this case is about more than simple semantics. In the process of drawing comparisons between the two prejudice standards, the majority pumps up the plain error standard, stressing just how serious the error must be to constitute plain error. Maj. op. at ¶ 18. According to the majority, “[p]lain error review allows the opportunity to reverse convictions in cases presenting particularly egregious errors, [and] reversals must be rare to maintain adequate motivation among trial participants to seek a fair and accurate trial the first time.” Id. at ¶ 23. By contrast, ineffective assistance claims “do not require the same balancing of interests,” and should be governed by a lower standard of prejudice because of the importance of the Sixth Amendment right to counsel. Id. at ¶¶ 19, 24. All of this implies that, to use the majority's terminology, “reversals” based on ineffective assistance of counsel should not be as “rare,” nor limited to cases where there is “a particularly egregious error[ ].” Id. at ¶ 23. In other words, the majority suggests that not only are the two inquiries different, but that one (ineffective assistance) is easier than the other (plain error). Id. at ¶¶ 20, 24. ¶ 34 The majority reinforces this message by suggesting that a district court must take care to perform a “separate, fact-specific analysis pursuant to Strickland ” when determining whether a defendant can demonstrate prejudice. Id. at ¶ 27. In this case, for example, the court of appeals concluded on direct review that the instructional error at issue—the erroneous addition of “or otherwise” to the “forcibly seized” language of the asportation element of kidnapping—did not “cast serious doubt” on the defendant's conviction “[b]ecause the record contains overwhelming and undisputed evidence of defendant's participation in the forcible removal of [the victim] from his apartment.” People v. Hagos, No. 03CA315, slip. op. at 7, 2005 WL 3313169 (Dec. 8, 2005), cert. denied,No. 06SC89, 2006 WL 1644001 (Apr. 17, 2006). Before us, the defendant argues that the court of appeals erred in this conclusion, contending that the evidence regarding whether he actually used or agreed to use force “was contested, contradicted, and far from overwhelming.” Under the majority's “fact-specific analysis,” a trial court must reevaluate whether the evidence was indeed overwhelming, or whether it was something less than that such that confidence in the outcome could be undermined. Maj. op. at ¶¶ 19, 26 (concluding that the “facts of this case as established by the record” demonstrate that the evidence regarding asportation was not “disputed”). While we have emphasized that it will often be necessary when considering an ineffective assistance claim to hold a hearing on whether an attorney's acts or omissions were reasonable “strategic choices,” People v. Gross, 2012 CO 60, ¶ 11, 287 P.3d 105 (citing Ardolino, 69 P.3d at 77), today's opinion implies that such hearings will be similarly necessary to determine prejudice, see Villarreal v. People, 2012 CO 64, ¶¶ 6–7 (decided today in conjunction with this case) (affirming the court of appeals on the ground that the trial court “properly conducted a separate factual analysis under the Strickland standard” during a “full evidentiary hearing”). In the end, in my view, the majority disrupts our well-established jurisprudence in this area without setting forth a convincing rationale for doing so. Accordingly, I join only in its result. 1. Specifically, we granted certiorari on the following issue: Whether the court of appeals erred when it held that a finding of no plain error in Petitioner's earlier appeal regarding defective ... jury instructions, necessarily required a finding of no ineffective assistance of counsel regarding a failure to object to ... the same jury instructions in Petitioner's later Crim. P. 35(c) motion, thus affirming the trial court's order denying the Crim. P. 35(c) motion. 2. We note that two additional standards, invited error and cumulative error, also govern whether errors will result in reversal of the conviction. See People v. Zapata, 779 P.2d 1307, 1309 (Colo.1989) (invited error); Oaks v. People, 150 Colo. 64, 66–67, 371 P.2d 443, 446 (1962) (cumulative error). We do not describe them as useful context here because they do not govern reversal based on how a single error impairs the reliability of the judgment of conviction. 3. Such a claim cannot be harmless because satisfaction of the prejudice component of the claim necessarily entails the conclusion that the error substantially influenced the verdict. Kyles v. Whitley, 514 U.S. 419, 435–36, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). 1.See also Ramirez v. People, 682 P.2d 1181, 1183 (Colo.1984); People v. Aragon, 186 Colo. 91, 94, 525 P.2d 1134, 1136 (1974); People v. Barker, 180 Colo. 28, 32, 501 P.2d 1041, 1043 (1972).