**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ABRAHAM HAGOS,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director,
Colorado Department of Corrections;
JAMES FALK, Warden, Sterling
Correctional Facility; CYNTHIA H.
COFFMAN, Attorney General of the State
of Colorado,

     Respondents - Appellees.

No. 17-1076
(D.C. No. 1:13-CV-02375-RPM)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

Abraham Hagos, a Colorado state prisoner, seeks a certificate of appealability

(COA) in order to challenge the district court's order dismissing his petition for writ of

habeas corpus under 28 U.S.C. § 2254. Because Hagos has failed to satisfy the standard

for issuance of a COA, we deny his request and dismiss this matter.

I

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.

The underlying facts of Hagos's case were summarized by the Colorado Supreme

Court:

> Abraham Hagos and another man distributed drugs from an apartment. A buyer broke into the apartment and took a safe containing cash and drugs. In retaliation, Hagos and others kidnapped and assaulted the buyer's brother.

Hagos v. People, 288 P.3d 116, 117 (Colo. 2012).

Hagos was subsequently arrested and convicted in Colorado state court of first

degree kidnapping, first degree burglary, felony menacing, and conspiracy to commit

second degree kidnapping, first degree burglary, and felony menacing. Hagos was

sentenced to life in prison for these convictions.[1]

Hagos exhausted his state court remedies, first filing an unsuccessful direct appeal,

and then filing an unsuccessful motion for state postconviction relief.

On September 3, 2013, Hagos initiated these federal proceedings by filing an

application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting eight claims

for relief. The district court denied the petition on the merits on January 25, 2017. The

district court also denied Hagos a COA.

## II

Hagos now seeks a COA from this court in order to appeal the district court's

ruling on two of the claims raised in his habeas petition. See 28 U.S.C. § 2253(c)(1)(A).

---

[1] In a separate criminal case, Hagos was convicted of first degree murder, attempted first degree murder, conspiracy to commit first degree murder, and two counts of retaliation against a witness, and was sentenced to life imprisonment. The two life sentences are to be served consecutively.

To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, the district court rejected the constitutional claims in the habeas petition on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

*Erroneous kidnapping instruction*

Hagos seeks a COA on an instructional error committed by the state trial court. The Colorado Supreme Court succinctly outlined the nature of this claim:

> At trial, the [state] trial court instructed the jury, "[t]he elements of the crime of First Degree Kidnapping are: (1) That the Defendant, . . . (3) forcibly, *or otherwise*, seized and carried any person from one place to another." (Emphasis added). Hagos did not object to this instruction. The jury returned guilty verdicts for first degree kidnapping; first degree burglary; felony menacing; and conspiracy to commit second degree kidnapping, first degree burglary, and felony menacing.
>
> Hagos appealed and the [Colorado] court of appeals affirmed. Among other claims, Hagos asserted that the trial court committed plain error by including the words "or otherwise" in its instruction on first degree kidnapping. The [Colorado] court of appeals concluded that the instruction was erroneous, but the error did not constitute plain error because it did not so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the conviction. The court of appeals reached this conclusion because it determined that the record contained overwhelming and undisputed evidence that the kidnapping occurred by force.

Hagos v. People, 288 P.3d 116, 117 (Colo. 2012).

-3-

"Hagos then filed a [Colo. R.] Crim. P. 35(c) postconviction motion in the [state] trial court" asserting "that his trial counsel had provided ineffective assistance by failing to object to the erroneous [kidnapping] instruction." Id. The state trial court denied Hagos's motion. The Colorado Court of Appeals and, in turn, the Colorado Supreme Court affirmed the denial of relief. In doing so, the Colorado Supreme Court concluded, in pertinent part, that Hagos was not prejudiced by counsel's purported error in failing to object to the erroneous jury instruction:

> Hagos failed to establish any prejudice resulting from the erroneous jury instruction. It was never disputed that the victim was in fact "forcibly" seized and carried: the victim was beaten, handcuffed, and taken to a car at gunpoint. Hagos argued at trial that he lacked the mens rea required for a guilty verdict because he was merely present to ensure that the victim was not seriously injured. The jury rejected Hagos's theory. Therefore, the language "or otherwise" included in the kidnapping instruction had no effect on the judgment of conviction, and Hagos's [Colo. R.] Crim. P. 35(c) claim inevitably fails.

> Thus, the jury instruction, though erroneous, had no effect on the judgment of conviction. Consequently, Hagos's claim for ineffective assistance of counsel fails through a separate, fact-specific analysis pursuant to Strickland.

Id. at 122.

In his federal habeas petition, Hagos reasserted his claim that the state trial court violated his constitutional rights by erroneously instructing the jury on the kidnapping charge. The district court rejected the claim on the merits, concluding that the Colorado Court of Appeals' rejection of the same claim was neither contrary to, nor an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1).

-4-

The district court explained:

> There was admitted error in the trial court's jury instruction on the elements of first-degree kidnapping by inserting the words "or otherwise" as an alternative to the requirement of the use of force in the asportation of the victim from his residence. Admitting this was constitutional error the Colorado Court of Appeals applied a plain error standard of review because defendant's counsel did not object to the instruction. Reciting the evidence and finding it "overwhelming" the appellate court concluded that the inserted language "did not so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the conviction." *People v. Hagos*, Case No. 03CA0315, Slip Opinion at 7.
>
> The court did not expressly state whether the constitutional error was a violation of the due process clause or the Sixth Amendment, but it did reject the argument now made that it was a structural error requiring reversal. Under the deferential standard of review [outlined in § 2254(d)(1)] this court cannot fault the decision.

ROA, Vol. 2 at 55.

We cannot say, after examining the materials submitted by Hagos, that reasonable jurists could find the district court's assessment of this claim wrong or even debatable. Consequently, we conclude that Hagos is not entitled to a COA on this claim.

*Complicitor liability*

Hagos also seeks a COA on a claim that arose out of the state trial court's response to a question from the jury during deliberations. At trial, the State proceeded on alternative theories of criminal liability; specifically, the State alleged that Hagos was criminally liable as a principal, a conspirator, and as an accomplice. During Hagos's trial, the state trial court gave the jury the following instruction regarding complicitor liability:

> A person is guilty of an offense committed by another person if he is a complicitor. To be guilty as a complicitor, the following must be

established beyond a reasonable doubt:

1.    A crime must have been committed.
2.    Another person must have committed all or part of the crime.
3.    The defendant must have had knowledge that the other person intended to commit all or part of the crime.
4.    The defendant must have had the intent to promote or facilitate the commission of the crime.
5.    The defendant must have aided, abetted, advised, or encouraged the other person in the commission or planning of the crime.

The state trial court also gave the jury a standard instruction concerning culpable mental states.

During their deliberations, the jury sent the trial court a note asking the following questions:

> [W]e are stuck on the complicity instruction. If we find the person did not have the intent to commit a crime does the complicity instruction overrule that decision meaning if we have a reasonable doubt about the intent of the defendant but no reasonable doubt on the complicity instruction do we say he is guilty[?]

The state trial court conferred with the attorneys for both sides regarding how to respond to the note. In doing so, the state trial court concluded that simply referring the jury back to the initial instructions was inadequate and it proposed a response outlining complicity as an alternative form of liability and expanding on the culpability element. Hagos's counsel asked the trial court to wait until the next day to respond to the jury's note, but also proposed that the trial court should simply answer the question "no." The trial court decided to respond to the jury's note at that time and not wait until the next day, but it revised its response. The trial court then gave the jury the following response

-6-

to its note:

> Complicity is an alternative form of liability. A person may be guilty as a principal — that is, by committing a prohibited act with the required mental state — by being a complicitor. But complicity also requires culpability, as described in Instruction No. 14. Under Instruction No. 14, you may find Defendant guilty as a complicitor only if you find that the prosecution has proved each of the five elements in that Instruction beyond a reasonable doubt. Among those five elements are some that require various kinds of culpability. Element number two requires that another person must have committed all or part of a crime; thus, that other person must have had the culpable mental state required of that particular crime. Element three requires that Defendant must have had knowledge that the other person intended to commit all or part of the crime. And finally, element four requires that Defendant must have intended to promote or facilitate the commission of the crime.

After receiving the trial court's response and continuing to deliberate, the jury ultimately acquitted Hagos of conspiracy to commit first-degree kidnapping, but convicted him of conspiracy to commit second-degree kidnapping.

On direct appeal, Hagos argued that the state trial court erred by not properly responding to the jury's questions. The Colorado Court of Appeals rejected Hagos's argument and concluded that the trial court's "response, when read in conjunction with the court's instruction on complicitor liability, adequately responded to the jury's questions, as it encompassed the concept of alternative liability and both kinds of culpability necessary for complicitor liability." People v. Hagos, No. 03CA0315, slip op. at 21 (Colo. Ct. App. Dec. 8, 2005). The Colorado Court of Appeals also rejected Hagos's argument that the state trial court erred by not defining the term "culpability" in its response to the jury:

> If a word is one with which reasonable persons of common intelligence would be familiar, and its meaning is not so technical or mysterious as to create confusion in jurors' minds as to its meaning, an instruction defining it is not required.

Id. at 21-22.

Hagos reasserted this claim in his federal habeas petition, arguing that his Fourteenth Amendment due process rights were violated when the state trial court failed to adequately or correctly clarify the jury's confusion regarding complicity. In support, Hagos argued that the Colorado Court of Appeals' resolution of this claim was contrary to and an unreasonable application of the decision in Bollenbach v. United States, 326 U.S. 607, 612-13 (1946), in which the Supreme Court held that "when a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy." According to Hagos, the only proper response on the part of the state trial court would have been "no."

The district court rejected Hagos's claim, concluding that the Colorado Court of Appeals' resolution of the claim was neither contrary to, nor involved an unreasonable application of, Bollenbach. ROA, Vol. 2 at 54. In doing so, the district court effectively rejected Hagos's assertion that the Colorado Court of Appeals, in characterizing the trial court's response as "adequate," failed to adhere to the standard outlined in Bollenbach.

After considering Hagos's request for COA, in which he essentially makes the same arguments that he presented to the district court, we are not persuaded that he has shown that reasonable jurists would find the district court's assessment and denial of this claim to be wrong or debatable.

### III

Hagos's request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge