24CA1550 Peo v Lonneburg 09-25-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1550
Adams County District Court No. 23CR1186
Honorable Sean Finn, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Dean Lonneburg,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE SULLIVAN
Welling, J., concurs
Gomez, J., dissents

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 25, 2025

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney
General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kayleigh TenBarge, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Dean Lonneburg, appeals the restitution order entered following his guilty plea to third degree assault.  We affirm.

I.     Background

¶ 2     The prosecution charged Lonneburg with second degree assault after he allegedly spit on an officer's face while in custody. He eventually pleaded guilty to an added count of third degree assault in exchange for dismissal of the original charge.  He agreed to pay restitution as part of his plea agreement.

¶ 3     The prosecution filed a motion for restitution in the amount of $462.16 payable to Adams County Risk Management.  Attached to the motion was a financial summary for the officer's claim indicating that $418.66 was paid for "MEDICAL" and $43.50 for "OTHER."  Lonneburg generally objected, "request[ing] further testimony related to the request for restitution," and asked for a hearing.

¶ 4     On July 23, 2024, the district court held a hearing, but Lonneburg didn't appear.  Defense counsel explained that Lonneburg had been released from custody, but counsel hadn't obtained his contact information beforehand.  Counsel was unsure whether Lonneburg was aware of the restitution hearing, saying she

1

had been unable to contact him. The court asked defense counsel if Lonneburg's participation would be necessary to proceed, to which counsel replied,

> I believe . . . this is a critical stage, and so I do think that he is entitled to be present, and I don't have, I suppose, any information one way or the other as to whether or not he would be willing to waive his presence. So I don't think I can, I suppose, proceed at this time.

¶ 5 The prosecution responded that it believed the restitution proceeding could continue in Lonneburg's absence because it planned to rely only on the documents already before the district court and "wouldn't have called witnesses anyways."

¶ 6 The district court proceeded with the restitution hearing and ultimately granted the prosecution's motion, finding that, although Lonneburg had a right to be present, "the fact that he is not present does not prevent us from going forward."

¶ 7 Defense counsel objected "to the granting of [the restitution] motion in [Lonneburg's] absence."

## II. Discussion

¶ 8 Lonneburg contends that the district court erred by proceeding with the restitution hearing in his absence in violation of

both Crim. P. 43 and his constitutional right to be present at all critical stages of the prosecution. He requests vacatur of the restitution order and a new hearing. Although we agree that Lonneburg had a right to be present at the hearing, we also agree with the People that any error was harmless beyond a reasonable doubt.

### A. Applicable Law and Standard of Review

¶ 9 Both the United States and Colorado Constitutions guarantee the right of a criminal defendant to be present at all critical stages of the prosecution. U.S. Const. amends. VI, XIV; Colo. Const. art. II, §§ 16, 25; *People v. White*, 870 P.2d 424, 458 (Colo. 1994). Imposition of restitution is a critical stage of a prosecution. *People v. Hernandez*, 2019 COA 111, ¶ 24.

¶ 10 Crim. P. 43(a) also mandates a defendant's presence "at every stage of the trial including . . . at the imposition of sentence." A restitution hearing is a component of sentencing at which the defendant must be present. *Hernandez*, ¶ 25.

¶ 11 We review de novo whether a defendant's constitutional right to be present at all critical stages of the prosecution has been violated. *Id.* at ¶ 10; *accord People v. Wingfield*, 2014 COA 173,

¶ 13. We also review de novo whether a defendant's right to be present under Crim. P. 43 has been violated. *Hernandez*, ¶ 12.

¶ 12 Reversal for failure to follow Crim. P. 43 is normally subject to a harmless error analysis under Crim. P. 52(a). *Id.* But where, as here, the issue is preserved, we review whether a defendant's due process right to be present at all critical stages of the proceeding was violated for constitutional harmless error. *See id.* at ¶ 11. Under this standard, reversal is required unless the People prove that the error was harmless beyond a reasonable doubt. *Id.* Proceeding in the defendant's absence will be harmless beyond a reasonable doubt "if particular facts show that the defendant's presence would be useless or only slightly beneficial."[1] *Id.* at ¶ 24.

### B. Analysis

¶ 13 Lonneburg argues that the district court "decided on the amount to be awarded to the People without giving [him] the opportunity to give input or contest the amount" and "essentially performed a resentencing in [his] absence without his knowledge,

---

[1] Because we conclude the restitution order isn't reversible under the more rigorous constitutional harmless error standard, we don't separately conduct a Crim. P. 52(a) harmless error analysis based on the district court's violation of Crim. P. 43(a).

4

violating his right to stay informed of the sentencing proceedings." The People counter that, although Lonneburg had a right to be present, his absence was harmless beyond a reasonable doubt because (1) Lonneburg was represented by counsel at the hearing; (2) Lonneburg's absence didn't impact the outcome of the proceeding; and (3) only the amount of restitution was at issue during the hearing. We agree with the People.

¶ 14 First, whether defense counsel is present in the courtroom is a factor we may consider when determining whether a defendant's absence from a proceeding was harmless beyond a reasonable doubt. *See Zoll v. People*, 2018 CO 70, ¶ 25 (determining that the defendant's absence while a 911 call was replayed for the jury during deliberations was harmless beyond a reasonable doubt because, among other reasons, "while [he] was not in attendance, his representative was in the courtroom"). Here, Lonneburg's counsel was present at the restitution hearing even though he wasn't.

¶ 15 Second, the record shows that Lonneburg's presence at the hearing likely wouldn't have been useful or would have only been "slightly beneficial." *Hernandez*, ¶ 24. At the hearing, defense

counsel didn't say that she intended to call any witnesses, including Lonneburg. Nor did Lonneburg's written or oral objections suggest that he intended to challenge the requested restitution amount with any particular evidence. And on appeal, Lonneburg again doesn't assert that he would have presented evidence challenging the requested amount. Instead, he only vaguely asserts that he wasn't given "the opportunity to give input or contest the amount." *Cf. id.* at ¶ 36 (concluding the trial court erred by holding the restitution hearing in the defendant's absence, in part, because the defendant argued that he and the victim were acquaintances in the same small town, enabling him to provide "critical information disputing the nature and extent" of the victim's injuries).

¶ 16　　Third, the restitution hearing in this case wasn't "like imposing a new sentence based on new evidence," which requires the defendant to be present. *Id.* at ¶ 40. No new evidence was presented at the hearing, and the prosecution said it didn't intend to present any. In addition, Lonneburg had already agreed that he was liable for the victim's restitution; only the amount was disputed. *Cf. People v. Martinez Rubier*, 2024 COA 67, ¶ 74 ("Because a key issue in restitution proceedings is whether the

defendant was the proximate cause of the victim's loss and proximate cause is typically a question of fact, a defendant is prejudiced if denied the opportunity to assist defense counsel in challenging the prosecution's evidence at a restitution hearing." (citing *Hernandez*, ¶¶ 14, 38-40)).

¶ 17 Finally, the district court "merely announc[ed] its decision, based on evidence received earlier" when the defendant had an opportunity to respond. *Hernandez*, ¶ 40. The prosecution supplied its only supporting documentation when it filed its restitution motion. Lonneburg had the opportunity to object to it and did so before the hearing. *Cf. Zoll*, ¶ 24 ("[T]he portion of the 911 recording published during deliberations had been played for the jury already in Zoll's presence without objection. Hence, during Zoll's absence, the jury simply heard a second time the recording it had previously heard in his presence."). The court then granted the prosecution's motion based solely on the previously filed documentation, which Lonneburg had already seen. On this record, Lonneburg's presence at the hearing would have been, at most, only "slightly beneficial." *Hernandez*, ¶ 24.

¶ 18    Accordingly, because proceeding in Lonneburg's absence at the restitution hearing was harmless beyond a reasonable doubt, we conclude that the district court didn't err by granting the prosecution's restitution motion.

## III.    Disposition

We affirm the order.

JUDGE WELLING concurs.

JUDGE GOMEZ dissents.

JUDGE GOMEZ, dissenting.

¶ 19    I agree with my colleagues — and, in fact, the People seem to concede — that Lonneburg's due process right to be present at all critical stages of the prosecution was violated when the district court proceeded with the restitution hearing in his absence.

¶ 20    I disagree, however, with my colleagues' conclusion that the error was harmless beyond a reasonable doubt. *See People v. Hernandez*, 2019 COA 111, ¶ 11 (if a defendant's right to be present at all critical stages of a criminal proceeding was violated and the error was preserved, reversal is required unless the error was harmless beyond a reasonable doubt).[1]

¶ 21    The People bear the burden of proving harmlessness beyond a reasonable doubt. *See Hagos v. People*, 2012 CO 63, ¶ 11. Under this standard, we must reverse if "there is a reasonable *possibility* that the [error] might have contributed to the conviction." *Id.* (alteration in original) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). As divisions of this court have recognized, applying this

---

[1] I don't separately address the violation of Lonneburg's right under Crim. P. 43(a) to be present at the imposition of his sentence. Because I believe the constitutional error is reversible, I needn't consider whether the rule-based error is reversible.

standard is more difficult in a circumstance like this where we're confronted with an *absence* of evidence or argument rather than the *improper admission* of evidence or argument. *See, e.g., Hernandez,* ¶ 43; *People v. Dunham,* 2016 COA 73, ¶ 64.

¶ 22    I cannot conclude that there is no reasonable possibility that the error in proceeding with the restitution hearing in Lonneburg's absence might have contributed to the restitution award. In other words, I believe there is a reasonable possibility that the district court may have entered restitution in a different amount had it continued the hearing until Lonneburg could be present.

¶ 23    The division in *Hernandez* noted, when considering a defendant's absence at a restitution hearing, that "determining what the defendant's presence could have added will often be difficult." *Hernandez,* ¶ 35. After all, "who knows what he might have said" had he been present at the hearing? *Id.* at ¶ 43. Perhaps in this case Lonneburg might have "provided defense counsel with critical information disputing the nature and extent of [the victim's] injury." *Id.* at ¶ 36 (alteration in original). Or maybe he could have "provide[d] testimony that call[ed] into doubt the prosecutor's restitution argument." *People v. Martinez Rubier,* 2024

10

COA 67, ¶ 74. After all, it was his own admitted assault that the district court found had led to the victim's claimed expenses, and he may have had some information that could aid his counsel in challenging the amounts claimed.

¶ 24 All of this may seem speculative. And, indeed, the majority relies in part on the fact that Lonneburg doesn't assert, even on appeal, that he would have presented evidence to challenge the requested amount. But there is nothing in the record one way or the other because of the violation of Lonneburg's rights: He wasn't there, and his counsel couldn't make an offer of proof on his behalf because she hadn't had an opportunity to connect with him before the hearing. Given the circumstances and the People's ultimate burden to prove harmlessness, I can't agree that we should hold the absence of evidence in the record against Lonneburg.

¶ 25 Finally, I note that the circumstances in this case are nearly identical to those in *Martinez Rubier*, ¶¶ 75, 78, in which a division of this court reversed the district court's restitution order. There, as here, the district court proceeded with a restitution hearing in the defendant's absence and entered a restitution order based solely on the documents the prosecution had submitted in advance of the

hearing. *Id.* at ¶¶ 16-17. The division found this procedure to constitute plain error, reasoning, in part, that it was difficult to know what the defendant's presence could have added to the restitution hearing. *Id.* at ¶ 73. The division also reasoned that "[b]ecause a key issue in restitution proceedings is whether the defendant was the proximate cause of the victim's loss, and proximate cause is typically a question of fact, a defendant is prejudiced if denied the opportunity to assist defense counsel in challenging the prosecution's evidence at a restitution hearing." *Id.* at ¶ 74 (citing *Hernandez,* ¶¶ 14, 38-40).

¶ 26    For similar reasons, I would reverse the restitution order in this case and would remand the case for proceedings determining whether Lonneburg waived his presence at the earlier restitution hearing. If so, the order could be reinstated. But if not, the district court would need to consider the issue of restitution again after affording Lonneburg a new opportunity to request and attend a hearing on the issue. *See id.* at ¶ 75; *Hernandez,* ¶ 44.