24CA0596 Peo v Whistler 09-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0596
El Paso County District Court No. 20CR6522
Honorable David Shakes, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Timothy John Whistler,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Kuhn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Westerhorstmann Law, LLC, Kristin Westerhorstmann, Grand Junction,
Colorado, for Defendant-Appellant

¶ 1    Defendant, Timothy John Whistler, appeals the district court's order revoking his probation and resentencing him to prison. We affirm.

¶ 2    In August 2021, Whistler pleaded guilty to vehicular eluding in exchange for the dismissal of other charges in this case, the dismissal of a separate criminal case, and a stipulated sentence of thirty-six months on probation. Two months later, Whistler's probation officer filed a complaint to revoke his probation, alleging that Whistler had violated his probation conditions. On May 4, 2023, Whistler agreed to admit the violations in exchange for the revocation and reimposition of the thirty-six-month probation sentence.

¶ 3    On May 15, 2023, the probation officer filed another complaint to revoke Whistler's probation. The officer alleged that Whistler had violated his probation conditions by being charged with felony offenses in case number 23CR2169. The court appointed alternate defense counsel (ADC) to represent Whistler in both the probation revocation matter in this case and in 23CR2169. Eventually, the probation officer withdrew the May 15, 2023, revocation complaint

because Whistler allegedly committed the new offenses in 23CR2169 prior to his May 4, 2023, revocation and resentencing.

¶ 4    In October 2023, the probation officer filed another complaint to revoke Whistler's probation, alleging that Whistler had violated his probation conditions. At a providency hearing, ADC advised the district court that, as part of a global disposition, Whistler agreed to admit the probation violation allegations in this case and to plead guilty to a felony offense in 23CR2169.[1] In exchange, the prosecution agreed to dismiss another case and to stipulate that, in this case, Whistler would receive a two-year sentence to be served concurrently with the sentence imposed in 23CR2169. The court advised Whistler that, pursuant to the agreement, his probation sentence in this case would be revoked. The court then answered Whistler's questions regarding the resentencing options after revocation.

¶ 5    At the sentencing hearing, the district court revoked Whistler's probation sentence and, despite the stipulated two-year sentence,

---

[1] We take judicial notice of the plea agreement in 23CR2169. *See People v. Sa'ra,* 117 P.3d 51, 56 (Colo. App. 2004).

2

resentenced him to one year in prison to be served concurrently with the four-year prison sentence imposed in 23CR2169.

¶ 6     Whistler contends that the district court erred by failing to (1) provide him with the statutorily required advisements for probation revocation proceedings, *see* §§ 16-7-207, 16-11-206, C.R.S. 2024; (2) formally appoint ADC to represent him in the underlying revocation proceeding; and (3) ask him whether he admitted or denied violating his probation conditions. He argues that "the failure to provide [him] with virtually any of the procedural protections he was entitled to by statute and due process of law substantially undermines confidence in the fairness of the probation proceeding."

¶ 7     Because Whistler didn't raise these issues in the district court, we will only reverse if the alleged error was plain. *See Hagos v. People*, 2012 CO 63, ¶ 14; *People v. Hernandez*, 2019 COA 111, ¶ 11 (unpreserved due process claim reviewed for plain error). Plain error is error that is obvious and substantial. *Hagos*, ¶ 14. "An error is obvious if it is 'so clear-cut' that 'a trial judge should be able to avoid it without benefit of objection.'" *People v. Ramcharan*, 2024 COA 110, ¶ 63 (quoting *People v. Crabtree*, 2024 CO 40M, ¶ 42). To

be substantial in this context, the error must have so undermined the fundamental fairness of the proceeding as to cast serious doubt on the reliability of the revocation. *See People v. Buckner*, 2022 COA 14, ¶ 43.

¶ 8 Assuming that the district court erred and that the errors were obvious, we aren't persuaded by Whistler's bald assertion that the errors, by themselves, substantially undermine confidence in the fairness of the revocation proceeding. *See Hagos*, ¶ 10 (Only "structural errors . . . require automatic reversal without individualized analysis of how the error impairs the reliability of the judgment of conviction.").

¶ 9 Whistler doesn't assert that, had he been properly advised, he wouldn't have agreed to admit to the probation violation allegations as a term of his global disposition and would have instead requested a hearing on the revocation complaint. Nor does he explain why the lack of a formal reappointment of counsel in this matter undermined the fundamental fairness of the revocation proceeding. Indeed, the record reflects that, despite the lack of a formal appointment of counsel, ADC secured a global disposition in

all of Whistler's cases and that Whistler was satisfied with counsel's representation.

¶ 10    Finally, we acknowledge that, during the hearings that disposed of Whistler's three pending cases, the court didn't explicitly ask Whistler whether he wanted to admit or deny the probation violation allegations in this case. It appears that the court relied on the parties' representation that, as a term of the global disposition, Whistler would admit the probation violation allegations. But Whistler doesn't allege that, had the court asked him whether he admitted or denied the probation violation allegations, he would have breached that term of the global disposition and denied violating his probation conditions.

¶ 11    Accordingly, we conclude that Whistler hasn't established that the court's asserted errors so undermined the fundamental fairness of the revocation proceeding as to cast serious doubt on the reliability of the revocation.

¶ 12    The order is affirmed.

JUDGE KUHN and JUDGE MOULTRIE concur.