24CA1566 Peo v Miller 12-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1566
Jefferson County District Court No. 22CR2894
Honorable Theresa M. Cisneros, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Eric Shane Miller,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 18, 2025

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Alonzi Pellow Beggan, LLC, Mike K. Pellow, Shana R. Beggan, Denver,
Colorado, for Defendant-Appellant

¶ 1     Defendant, Eric Shane Miller, appeals the judgment of conviction entered after a jury found him guilty of sexual assault on a child as part of a pattern of abuse by one in a position of trust and aggravated incest.  We affirm.

## I.     Background

¶ 2     The prosecution charged Miller with the above offenses after his stepdaughter, K.G., came forward with allegations that he had repeatedly sexually assaulted her starting when she was nine years old.  It later added a third count of unlawful sexual contact involving N.M., Miller's stepson's girlfriend, alleging that Miller held N.M.'s waist and touched her bottom at a family gathering.

¶ 3     Before trial, Miller moved to suppress statements he made to the police before his arrest, when he was contacted at work, transported to the police station, and interviewed in a closed room. Miller conceded his statements were voluntary but argued the circumstances amounted to a custodial interrogation and he was never advised of his *Miranda* rights.  The trial court disagreed, concluding Miller was not in custody, and denied the suppression motion.

¶ 4     The prosecution also filed a pretrial motion to introduce K.G.'s undated journal entries. The court held that some portions of the journal entries were admissible under CRE 807, while the rest had to be redacted.

¶ 5     At trial, Miller testified in his own defense, denying the allegations and stating he was "shocked" when police told him K.G. had accused him of touching her inappropriately. During cross-examination, the prosecutor played the video of Miller's police interview to impeach his testimony — pointing out that Miller's initial and repeated response to the allegations was to focus on his lack of intent and that he acknowledged the possibility of inadvertently touching K.G.'s vagina and bottom during an athletic massage.

¶ 6     The jury found Miller guilty of both charges involving K.G. but acquitted him of the offense involving N.M. The court sentenced him to an indeterminate term of eight years to life in prison.

¶ 7     Miller appeals, arguing the court reversibly erred by failing to suppress the police interview, allowing the prosecution to add the charge involving N.M., and admitting K.G.'s journal entries into

evidence.  He further asserts he is entitled to a new trial based on cumulative error.  We disagree with Miller's arguments and affirm.

## II.     Failure to Suppress

¶ 8     To safeguard a suspect's Fifth Amendment right against self-incrimination, *Miranda* prohibits the prosecution from introducing any statement procured by custodial interrogation unless the police preceded their questions with certain warnings.  *People v. Klinck*, 259 P.3d 489, 493 (Colo. 2011).  Because such unwarned custodial statements are illegally obtained, they are inadmissible as direct evidence of a suspect's guilt.  *People v. Trujillo*, 49 P.3d 316, 321 (Colo. 2002).

¶ 9     Critically, however, while "[s]tatements made by a defendant that violate the parameters of *Miranda* are subject to suppression, . . . so long as the defendant made those statements voluntarily, the prosecution may use them for impeachment purposes."  *Klinck*, 259 P.3d at 495; *see also Effland v. People*, 240 P.3d 868, 877 (Colo. 2010) ("[S]tatements made by a defendant in circumstances violating the strictures of *Miranda* are subject to only partial suppression . . . .").  That is, "[i]f the defendant testifies at trial and his testimony is inconsistent with his unwarned, voluntary,

custodial statements, then the prior statements are admissible to impeach his credibility." *Trujillo*, 49 P.3d at 321.

¶ 10     Such is the case here.  Before trial, Miller conceded that his statements were voluntary, and the trial court agreed.  Miller makes no attempt to challenge the court's voluntariness finding on appeal. Instead, he argues only that the court improperly applied the factors described in *People v. Matheny*, 46 P.3d 453, 465-66 (Colo. 2002), where our supreme court set forth a list of factors for determining whether a police station interview is custodial for purposes of *Miranda*.  Perhaps because this was the basis for the trial court's initial suppression ruling, the parties spend most of their briefs discussing how the *Matheny* factors apply to the issue of custody.

¶ 11     But we need not apply *Matheny* or decide whether Miller was in custody for purposes of *Miranda* because the prosecution did not admit his statements as substantive evidence of guilt.  The video of Miller's interview was neither introduced as an exhibit during the prosecution's case-in-chief nor admitted into evidence for the jury's consideration.  Instead, the prosecution played portions of it only during cross-examination, after Miller testified — inconsistently

4

with his prior statements — that he "was shocked more than anything" upon hearing about the allegations and had never touched K.G. inappropriately.

¶ 12    Because Miller testified, and his testimony was inconsistent with his prior statements to police, the prosecution was entitled to use those voluntary statements for impeachment purposes. *See Effland*, 240 P.3d at 877; *see also* § 16-10-201, C.R.S. 2025 (the jury is permitted to consider prior inconsistent statements both for impeachment purposes and as substantive evidence). Therefore, whether Miller was in custody when he made his voluntary statements is irrelevant. That is, even if we were to assume without deciding that Miller's voluntary statements were custodial in nature and a *Miranda* advisement was therefore required, we nevertheless discern no error. *See People v. Thompson*, 2020 COA 117, ¶ 55 n.7 (we may affirm on any ground supported by the record).

### III.    Added Charge Involving N.M.

¶ 13    Miller also asserts he is entitled to a new trial because the trial court improperly allowed the prosecution to add the charge involving N.M. He argues the court abused its discretion by

5

allowing joinder of the offenses under Crim. P. 8 because they were not part of a schematic whole.

¶ 14    But when the prosecution moved to add the charge involving N.M., defense counsel objected only on the grounds that the statute of limitations had run.  Although counsel later indicated he may want to file a motion to sever the charges, he never did so.  We therefore review this issue for plain error.  *See People v. Ujaama,* 2012 COA 36, ¶ 37 (an issue is unpreserved for appeal when an objection at trial was made on grounds different from those raised on appeal).  Under this standard, we will only reverse if the error is obvious, is substantial, and so undermines the fundamental fairness of the trial itself as to cast serious doubt on the judgment of conviction.  *See Hagos v. People,* 2012 CO 63, ¶ 14.

¶ 15    Even if we assume, without deciding, that the trial court erred by allowing the prosecution to join the charges in this case, and that the error was obvious, we conclude any error does not cast serious doubt on the reliability of Miller's convictions.  The prosecution did not use the charge involving N.M. to argue that Miller was guilty of the offenses against K.G.  In fact, the prosecutor did not reference the charge involving N.M. at all during closing

argument. The jury was also properly instructed to consider the evidence for each offense separately and not to let its verdict on one offense influence its verdict on another. We presume the jury understood and followed this instruction. *Washington v. People*, 2024 CO 26, ¶ 31.

¶ 16 Moreover, the jury acquitted Miller of unlawful sexual contact, demonstrating that it could disentangle the facts and legal principles of each offense. *See id.* at ¶ 33 (any misjoinder was harmless where a split verdict indicated jurors exercised discretion in their deliberations); *see also Hagos*, ¶ 14 (reversal for plain error requires that the error impair the reliability of the judgment of conviction to a greater degree than harmless error). Accordingly, reversal is not warranted.

## IV. Admission of K.G.'s Journal Entries

¶ 17 Next, we reject Miller's challenge to the trial court's pretrial ruling that portions of K.G.'s journal entries were admissible pursuant to CRE 807. While the court initially based its ruling on CRE 807, it decided midtrial that K.G.'s journal entries were admissible in their entirety because they were prior consistent statements and the defense implied K.G. was lying. Miller does not

7

challenge that alternative ground for admitting this evidence. We are therefore required to conclude the evidence was properly admitted. *See People v. Archer*, 2022 COA 71, ¶ 42 (an appellant's failure to challenge all of the court's reasons for a decision requires affirmance).

## V. Cumulative Error

¶ 18 "For reversal to occur based on cumulative error, a reviewing court must identify multiple errors that collectively prejudice the substantial rights of the defendant, even if any single error does not." *Howard-Walker v. People*, 2019 CO 69, ¶ 25. Because we have assumed only one error and concluded it does not warrant reversal, we necessarily reject Miller's cumulative error argument.

## VI. Disposition

¶ 19 The judgment is affirmed.

JUDGE FREYRE and JUDGE YUN concur.