24CA0493 Peo v Smith 05-28-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0493
El Paso County District Court No. 23CR2322
Honorable Jill Brady, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Donald Smith,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE LUM
Welling and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 28, 2026

---

Philip J. Weiser, Attorney General, Yaried A. Hailu, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Rachel Z. Geiman, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant Donald Smith appeals the judgment of conviction entered after a jury found him guilty of possessing methamphetamine.  We affirm.

## I.     Background

¶ 2     Police officers Robert McGee and Walker Baker observed Smith sleeping in his car in a Days Inn parking lot.  They ran the car's license plate and confirmed that Smith owned the car.  They also discovered an outstanding warrant for Smith's arrest.  McGee knocked on the window, asked Smith to step out of the car, and led him to the patrol car.

¶ 3     As Smith got into the patrol car, McGee saw in Smith's sweatshirt pocket a couple of bags containing suspected illicit substances.  McGee then searched Smith and found additional suspected illicit substances.  Testing later confirmed that the substances were methamphetamine and fentanyl.  The People charged Smith with two counts of possession of a controlled substance — one for methamphetamine and one for fentanyl.

¶ 4     At trial, Smith's counsel argued that the drugs belonged to someone else who had used Smith's car without his permission.

Smith's brother, David,[1] testified that Smith worked at the Days Inn and that his car had broken down. David also testified that he had witnessed other people using the car without Smith's knowledge. Similarly, Smith's friend, Tonya Summers, testified that she was staying at the Days Inn around the time that Smith was arrested, and that she witnessed other people "staying, living in [Smith's] car" without his permission. During closing argument, Smith's counsel argued the prosecution hadn't proven that Smith knew that the items found in his pockets contained drugs.[2]

¶ 5       In the People's closing argument, during a lengthy discussion about the elements of possession of controlled substance, the prosecutor encouraged the jury to re-watch the police officers' body-worn camera footage of the incident to glean both direct and circumstantial evidence that Smith "knowingly" possessed controlled substances. She emphasized that the footage showed

---

[1] Because Smith and his brother share the same last name, we refer to his brother — David Smith — by his first name. We mean no disrespect in doing so.
[2] Smith's counsel also argued that Smith went to his car, found "stuff" sitting in it, and put it in his pocket. However, the trial court sustained the prosecutor's objection that this narrative interjected facts not in evidence.

that the controlled substances were "right there in his jacket pocket" and "tucked in his jeans pocket" rather than "laying outside of the vehicle" or "even just in [the] vehicle."

¶ 6     The prosecutor also said,

> Not only do we have the direct evidence of [the substances] being pulled out of his pocket, but we have the circumstantial evidence that you can consider equally.  You don't hear the defendant denying that.  You don't hear anything about other people being around. . . . Direct and circumstantial evidence tells you that he was aware that these were on his person.

¶ 7     Smith's counsel didn't object to this comment.

¶ 8     Then, the prosecutor took the jury through the evidence of the chain of custody, drug testing, the forensic chemist's report, and other evidence regarding the amount of the drugs found on Smith. She also highlighted Summers's testimony that she walked around the parking lot in the morning and saw no one else around Smith's car and that neither Summers nor David had seen anyone in or around Smith's car on the day he was arrested.

¶ 9     The jury convicted Smith of possession of methamphetamine but acquitted him of possession of fentanyl.

## II. Prosecutorial Misconduct

¶ 10 Smith contends that the prosecutor committed reversible misconduct during closing argument by commenting on Smith's pre-arrest silence during his encounter with the police in the parking lot. We conclude that any error was not plain.

### A. Standard of Review and Applicable Law

¶ 11 "While a prosecutor can use every legitimate means to bring about a just conviction, she has a duty to avoid using improper methods designed to obtain an unjust result." *Domingo-Gomez v. People*, 125 P.3d 1043, 1048 (Colo. 2005). A prosecutor should "avoid making comments regarding a defendant's pre- or post-arrest silence." *People v. Rios*, 2020 COA 2, ¶ 24.

¶ 12 We engage in a two-step analysis when reviewing claims of prosecutorial misconduct. *Wend v. People*, 235 P.3d 1089, 1096 (Colo. 2010). First, we determine whether the prosecutor's conduct was improper based on the totality of the circumstances. *Id.* Second, we decide whether such actions warrant reversal under the proper standard of review. *Id.*

¶ 13 We review unpreserved claims of prosecutorial misconduct for plain error, which, to warrant reversal, must be obvious,

substantial, and so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *People v. Smith*, 2018 CO 33, ¶ 24; *People v. Carter*, 2015 COA 24M-2, ¶ 51. An error is obvious if it contravenes a clear statutory command, a well-settled legal principle, or established Colorado case law. *People v. Crabtree*, 2024 CO 40M, ¶ 42.

¶ 14 "Prosecutorial misconduct in closing argument rarely constitutes plain error." *People v. Smalley*, 2015 COA 140, ¶ 37; *see also Hagos v. People*, 2012 CO 63, ¶ 23 (reversals on plain error review "must be rare to maintain adequate motivation among trial participants to seek a fair and accurate trial the first time"). "Only prosecutorial misconduct that is 'flagrantly, glaringly, or tremendously improper' warrants reversal under the plain error test." *People v. Duncan*, 2023 COA 122, ¶ 33 (quoting *Hagos*, ¶ 14). Thus, even if improper, a prosecutor's comments during closing argument do not necessarily warrant reversal if the combined prejudicial impact of the statements does not cast serious doubt on the reliability of the conviction. *People v. Nardine*, 2016 COA 85, ¶ 66.

## B. Analysis

¶ 15 We need not decide whether the alleged error was obvious — or even whether it was an error — because even assuming that it was both, we cannot say the challenged statement so undermined the fundamental fairness of Smith's trial as to cast serious doubt on the reliability of his judgment of conviction.

¶ 16 First, the prosecutor's comment was brief and was not repeated either during the remainder of her initial closing argument or on rebuttal. The prosecutor's short statement, "You don't hear the defendant denying that. You don't hear anything about other people being around," occurred in the context of a much longer argument highlighting (1) other evidence that Smith knowingly possessed the drugs and (2) the lack of evidence supporting Smith's theory that the drugs belonged to unknown individuals who had been in his vehicle without his permission. *See Domingo-Gomez*, 125 P.3d at 1053 ("Comments that were few in number, momentary in length, and were a very small part of a rather prosaic summation do not warrant reversal under the plain error standard." (citation omitted)).

¶ 17    Second, the evidence against Smith was strong.  *See People v. Key*, 522 P.2d 719, 721-22 (Colo. 1974) (references to defendant's silence harmless "in view of the overwhelming evidence of [his] guilt").  Officers found two bags of methamphetamine on his person.  One of the bags was clear, and the methamphetamine was visible through it.  No one else was in or near the car when the officers found Smith inside it, and neither Summers nor David had seen anyone by Smith's car on the day he was found with the drugs.

### III.    Disposition

¶ 18    We affirm the judgment of conviction.

JUDGE WELLING and JUDGE SCHOCK concur.