24CA1183 Peo v Pope 06-25-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1183
Mesa County District Court No. 21CR324
Honorable Gretchen B. Larson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Donald Owen Pope,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Sullivan and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 25, 2026

---

Philip J. Weiser, Attorney General, Cata A. Cuneo, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Julia Chamberlin, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Donald Owen Pope, appeals the trial court's restitution order based on the prosecution's failure to timely present restitution information as required by section 18-1.3-603(2)(a), C.R.S. 2024.[1] We affirm.

## I. Background

¶ 2 Pope was convicted of multiple offenses based on evidence that he sexually assaulted his girlfriend A.T.'s eight-year-old daughter, H.T. At the sentencing hearing, the prosecution indicated that there was a request for $1,572 in restitution from the Crime Victims Compensation Board (CVCB), later clarifying that the CVCB had "added $400," for a total of $1,972. Pope did not object.

¶ 3 The prosecution then filed a written motion for restitution in the amount of $1,300 to cover H.T.'s mental health costs and $672 to provide economic support for A.T. In his written objection, Pope did not assert a section 18-1.3-603(2)(a) violation.

¶ 4 Defense counsel agreed to reschedule the first restitution hearing and did not object when the court set the hearing beyond the ninety-one-day deadline then-required by section 18-1.3-

---

[1] As discussed further below, the statute has since been amended.

603(1)(b).[2]  At the rescheduled hearing, Pope stipulated that he was responsible for $1,300 for H.T.'s mental health services, but he objected to payment on behalf of A.T.

¶ 5     The trial court ordered Pope to pay the full requested amount of $1,972 in restitution.

¶ 6     Pope appeals, arguing that the prosecution violated section 18-1.3-603(2)(a) and *People v. Weeks*, 2021 CO 75, by failing to timely identify how much restitution it was requesting and for which victims before the judgment of conviction entered.  We disagree and affirm.

## II.    Waiver

¶ 7     As an initial matter, the Attorney General asserts that Pope waived his restitution challenge by failing to raise it below, acquiescing to a hearing set beyond ninety-one days, and stipulating to restitution for H.T.  We are not persuaded.

---

[2] The General Assembly has since amended the deadline to sixty-three days after the prosecution submits restitution information or the court enters the order of conviction, whichever is later.  *See* Ch. 307, sec. 1, § 18-1.3-603(1)(b), (2)(a), 2025 Colo. Sess. Laws 1606-07.

¶ 8    Waiver is the intentional relinquishment of a known right or privilege. *People v. Rediger*, 2018 CO 32, ¶ 39. Even though it can be implied, the defendant's conduct must be unequivocal and clearly manifest an intent to relinquish the claim. *Phillips v. People*, 2019 CO 72, ¶ 21.

¶ 9    To be sure, Pope did not object under section 18-1.3-603(2)(a) below, either at the sentencing hearing or in his objection to the prosecution's motion for restitution. But nothing in the record suggests that such failure was intentional and not due to neglect. *See Rediger*, ¶ 50 (the former is waiver, the latter is forfeiture). The court and the parties did not, for example, discuss at the sentencing hearing the prosecution's statutory deadline for submitting the restitution information. *Cf. People v. Roberson*, 2025 CO 30, ¶ 17 (concluding the defendant waived objection to timeliness of restitution order, in part because "the statutory deadline had been expressly mentioned at the sentencing hearing," yet the defendant did not object). And despite the Attorney General's arguments, Pope's acquiescence to the restitution hearing date and the amount of restitution requested for H.T. does not amount to waiver under section 18-1.3-603(2)(a) because that

conduct occurred well after the prosecution's deadline had already passed. Under these circumstances, we disagree with the Attorney General that Pope's silence on the issue he seeks to raise on appeal manifests an intent to relinquish his rights. Because we conclude that Pope forfeited, rather than waived, his restitution claim, we review it for plain error.

### III.  The Restitution Order Was Proper

¶ 10     Pope argues the court's restitution order must be reversed because the prosecution failed to timely file the information supporting its restitution request — namely, the amount of restitution and the identities of the victims. We are not persuaded.

¶ 11     Under the version of section 18-1.3-603(1)(b) in effect at the time of Pope's sentencing, trial courts were required to enter restitution orders and determine the amount of restitution within ninety-one days. *See Weeks*, ¶ 5. Although the court may determine the amount of restitution after sentencing, the prosecution is required to present to the court the amount of requested restitution and the identities of the victims at or before sentencing, subject to an extension for extenuating circumstances. § 18-1.3-603(2)(a).

¶ 12     We review the proper interpretation of the restitution statute

de novo.  *Weeks*, ¶ 24.  Where, as here, there is no objection to the

error asserted on appeal, we will not reverse in the absence of plain

error.[3]  *Hagos v. People*, 2012 CO 63, ¶ 18 (plain error must be

obvious and substantial).

¶ 13     As discussed, at the sentencing hearing, the prosecution

stated there was a request for a total of $1,972 from the CVCB.

Although it did not allocate this amount between H.T. and A.T., the

prosecution submitted the total proposed amount of restitution to

the court.  Contrary to Pope's arguments, neither *Weeks* nor section

18-1.3-603(2)(a) required the prosecution to do so in writing.  To the

contrary, the statute simply requires the prosecution to "present

this information to the court." § 18-1.3-603(2)(a).  Because the

prosecution did so, we conclude that it complied with its statutory

obligation.  *See Weeks*, ¶ 31 ("[W]hat the deadline in [section 18-

---

[3] Pope challenges only the timeliness of the prosecution's submission of the restitution information under section 18-1.3-603(2)(a), C.R.S. 2024, not the timeliness of the court's restitution order under section 18-1.3-603(1)(b).  As a result, the automatic vacatur rule discussed in *Snow v. People*, 2025 CO 32, ¶¶ 30-40, is not implicated.

1.3-603(2)(a)] controls is the timeframe within which the prosecution must submit the proposed amount of restitution.").

¶ 14    We recognize that the prosecutor did not specify at the sentencing hearing that the requested amount would be split between H.T. and A.T.  *See id.* at ¶ 6 n.3 (the "information" in support of a motion for restitution includes "the identities of the victims").  But even assuming error, it was neither obvious nor substantial.

¶ 15    As to obviousness, as discussed, the court was presented with the amount of restitution — the specific "information" emphasized by the supreme court in *Weeks.  See id.* (the court did not discuss the identities of the victims because "to determine the proposed amount of restitution, the prosecution must necessarily determine the identities of the victims allegedly entitled to restitution").  The prosecution had identified the CVCB as the victim, and the restitution statute provides that "victim" means "[a]ny victim compensation board that has paid a victim compensation claim."  § 18-1.3-602(4)(a)(IV), C.R.S. 2025; *see also People v. Stone*, 2020 COA 24, ¶ 16 ("So, under [the restitution] statute, the board was

the victim."). We therefore conclude there was no obvious violation of section 18-1.3-603(2)(a).

¶ 16 Likewise, the error was not substantial. In *People v. Brassill*, 2024 COA 19, ¶ 58 (*cert. granted* Aug. 4, 2025), a division of this court concluded that where the trial court complies with its own deadline under section 18-1.3-603(1)(b), any error under subsection (2)(a) is harmless. As mentioned, Pope does not assert any violation of section 18-1.3-603(1)(b) here. Accordingly, we follow *Brassill* and conclude that any error stemming from the prosecution's failure to name H.T. and A.T. as victims at sentencing does not warrant reversal. *See Hagos*, ¶ 14 (an error that is harmless necessarily cannot be plain).

## IV. Disposition

¶ 17 The order is affirmed.

JUDGE SULLIVAN and JUDGE MEIRINK concur.